H. O. GURDY, Executor, Appellant from Decree of Judge of Probate.

Knox.    Opinion December 28, 1905.

*Probate Appeal.   Reasons of Appeal.   What Appeal Must Show.   Dismissal of
Appeal.   Different Decrees.   Amendment not Allowable, When.*
*R. S., c. 66, § § 8, 9.*

While technical precission of statement and pleading are not required in
probate appeals, to the same extent as in actions at law, two things are
indispensable :

First, the appeal must show what order, sentence, decree or denial of the
judge of probate is appealed from.

Second, taking all allegations in the appeal and the reasons therefore to be
true, it must appear that there was error.

The allowance or probate of a will and the granting of letters testamentary
are two distinct things, involving two different judgments or decrees of
the judge of probate, and dependent upon different conditions ; though
the record evidence of both decrees may be and often is contained in the
same paper.

An appeal from a decree, refusing to grant letters testamentary, will be dis-
missed when it does not appear that the will has been allowed and admit-
ted to probate.

An appellant cannot appeal from a decree named, and sustain his appeal by
showing that a decree not named was erroneous.

An amendment, converting an appeal into an appeal from another and
different decree from that appealed from, introduces a new cause of action
and is not allowable.

On exceptions by appellant.    Overruled.

Appeal from the decree of Judge of Probate, Knox County,
refusing " to grant letters testamentary as on the last will and testa-
ment " of Harrington Osgood, late of Rockland, deceased, to the
Supreme Judicial Court, sitting as the Supreme Court of Probate.
The appeal was duly entered in the Supreme Court of Probate, and
the appellees appeared and "moved to dismiss the appeal because of
the insufficiency of the reasons of appeal."    The appellant then moved
to amend his appeal.    "The presiding Justice held as matter of law
the reasons of appeal insufficient and refused to allow the amend-

ment, holding as matter of law the amendment could not be allowed."
To these rulings the appellant excepted.

The case appears in the opinion.

*Arthur S. Littlefield,* for appellant.

*J. H. Montgomery,* for appellees.

Sitting : Emery, Whitehouse, Powers, Peabody, Spear, JJ.

Powers, J.   Exceptions to the ruling of the presiding justice denying an amendment to the following probate appeal and reasons of appeal and dismissing the appeal.

"Respectfully represents H. O. Gurdy, of Rockland, Knox County, Maine, that he is interested as executor and legatee, under will of deceased, in the estate of Harrington Osgood, late of Rockland, in said County of Knox, deceased, of which said Court has now jurisdiction, that he is aggrieved by your Honor's decree made at a Probate Court, held at Rockland, in and for said County of Knox, on the fifteenth day of November, A. D. 1904, whereby you refused to grant letters testamentary as on the last will of said Osgood upon the execution and contents of said will being proved by a copy thereof, and. the testimony of the subscribing witnesses, and upon proof that the original had been lost or accidentally destroyed, and of the continued existence of such will unrevoked up to the time of the death of said Osgood, and upon further proof that said original will could not be obtained after reasonable diligence, and hereby appeals therefrom to the Supreme Judicial Court, being the Supreme Court of Probate, to be held at Rockland, within and for the County of Knox, on the first day of January, A. D. 1905, and alleges the following reasons of appeal, viz :

1.   Because upon the circumstances above set forth, letters testamentary should have been issued.

2.   Because the copy of the will of said Osgood presented should have been allowed as his last will and testament.

3.   Because all the requirements of the statutes and of law were complied with for the proof of a lost or destroyed will of said deceased.

4.   Because said Osgood legally executed his last will and testa-

ment, and the same remained as his will unrevoked to the time of his death, and his estate should be administered in accordance with the terms and provisions of said will, which has been lost or destroyed but not revoked."

The appellees moved to dismiss the appeal on the ground that the reasons of appeal as stated were not sufficient. This is in effect a demurrer. In passing upon the issue thus raised all allegations in the appeal and reasons of appeal must be taken as true. Technical precision of statement and pleading are not required in probate appeals to the same extent as in actions at law. *Danby* v. *Dawes*, 81 Maine, 30. Two things, however, are indispensable. The appeal must show what order, sentence, decree or denial of the judge of probate is appealed from; and taking all allegations in the appeal and the reasons therefor to be true, it must appear that there was error. This much is necessary in order to inform interested parties what is the issue, and to show prima facie that the appellant is aggrieved. Anything short of this would do away with all rules of pleading and defeat the salutary purposes for which they have been adopted. Even this requirement in some instances may appear to cause hardship, but in the vast majority of cases an adherence to it must tend to the sure and speedy administration of justice. However much the rules of pleading may have been relaxed when applied to probate proceedings, we are not aware of any case in which either of these requisites has been dispensed with.

The general statute relating to the probate of wills and granting of letters testamentary is as follows: "When a will is proved and allowed, the judge of probate may issue letters testamentary thereon to the executor named therein, if he is legally competent, accepts the trust, and gives bond to discharge the same when required; but if he refuses to accept on being duly cited for that purpose, or if he neglects for twenty days after probate of the will so to give bond, the judge may grant such letters to the other executors, if there are any capable and willing to accept the trust." R. S., c. 66, section 8. Plainly under this statute the allowance or probate of the will and and the granting of letters testamentary are two distinct things, involving two different judgments or decrees of the judge of probate and

dependent upon different conditions; though the record evidence of both judgments may be and often is contained in the same paper. Letters testamentary issue after the will is allowed and, in some instances, not for at least twenty days after. The probate of the will does not determine the person to whom, or the time when, letters testamentary shall issue. These may depend upon the executor named being a suitable person, accepting the trust, and giving bond if a bond is required. If he refuses to accept the trust, or neglects for twenty days after the probate of the will to give bond, then letters testamentary cannot be issued until some other person is found capable and willing to accept the trust.

The special statute relating to wills lost or destroyed is found in section 9 immediately after that above quoted and is as follows: "When the last will of any deceased person, who had his domicile in the state at the time of his death, is lost, destroyed, suppressed or carried out of the state, and cannot be obtained after reasonable diligence, its execution and contents may be proved by a copy, and by the testimony of the subscribing witnesses thereto, or by any other evidence competent to prove the execution and contents of a will, and upon proof of the continued existence of such lost will, unrevoked up to the time of the testator's death letters testamentary shall be granted as on the last will of the deceased, the same as if the original had been produced and proved." R. S., c. 66, section 9. This statute does not use the express terms "allowed" as does the preceding section but says "letters testamentary shall be granted as on the last will of the deceased, the same as if the original had been produced and proved." If the original had been produced and proved, it must still have been allowed by the judge of probate as the last will and testament of the deceased before letters testamentary could issue. The admission of the will to probate is therefore made, in the one case as in the other, a condition precedent to the issuing of letters testamentary. It is not reasonable to believe that the legislature intended that in the case of a lost will letters testamentary should issue and the estate of the deceased be administered in accordance with such will, without a finding by the probate court that such will was his last will and testament and its allowances as such. In Bou-

vier's Law Dict. we find: "Letters testamentary. An instrument in writing granted by the judge or officer having jurisdiction of the probate of wills, after the probate of a will, to an executor, authorizing him to act as such."

The decree appealed from in this case is a decree whereby the judge of probate "refused to grant letters testamentary as on the last will of said Osgood;" but neither in the appeal nor in the reasons therefor is there any statement direct or by implication that said will had been allowed or admitted to probate. Without such allegation it does not appear that there was error in refusing to grant letters testamentary.

It is urged that the appeal is to be regarded as an appeal from a decree denying probate of the will. We have seen that the two things are entirely distinct. The appellant has expressly stated that he appeals from a decree refusing to grant letters testamentary. To treat this as an appeal from a decree refusing to admit the will to probate is to do violence to the language used, and would be subversive of all rules of construction and of pleading. It is true that some of the reasons of appeal assigned might be sufficient to sustain an appeal from a decree other than that stated as the one appealed from,—but does that override the appellant's express statement of the particular decree by which he says he was aggrieved? He cannot allege one decree in his appeal, and then sustain that appeal by showing that some other decree not named was erroneous. That the construction contended for is necessary, to suit the exigencies of the appellant's case as here presented, makes it none the less forced and unnatural.

The appellant was not aggrieved by the refusal to allow his amendment. There is in the amendment no allegation of the allowance of the will, and it therefore failed to supply the missing averment in his appeal. If the amendment is to be regarded as converting the appeal into an appeal from another and different decree, viz: one denying the probate of the will, then it introduces a new cause of action and for that reason is not allowable.

*Exceptions overruled.*