# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

EMMA MONROE CARTER et als.

Petitioners for Leave to Enter Appeal.

Knox.   Opinion December 4, 1912.

*Allegations.   Amendment.   Appeal.   Beneficiaries.   Decree.   Demurrer.
Exceptions.   Revised Statutes, Chapter 65, Section 30.   Gurdy Appellant.
101 Maine, 73.   Jurisdiction.   Motion.   Objections.   Petition.   Will.*

This case comes up on exceptions by both the petitioner to enter an appeal
from the decree of the Judge of Probate admitting to probate the will
of Harriet A. Monroe, late of Rockland, deceased, and by one of the
beneficiaries named in the will, to the allowance of an amendment of the
petition.   The Justice sitting as the Supreme Court of Probate dismissed
the petition.   To this ruling the petitioners took exceptions.
*Held:* that under the rule of liberal interpretation in this class of cases, it
is the opinion of the court that the petition was sufficient to authorize the
court to proceed to a hearing thereon, and upon this conclusion it
becomes unnecessary to consider the exceptions to the allowance of the
amendment.

On exceptions by petitioners to dismissal of petition.   Sustained.
This is a petition by Emma Monroe Carter et als. for leave to
enter an appeal from the decree of the Judge of Probate admitting
to probate the will of Harriet A. Monroe, late of Rockland,

deceased, and comes to this court upon exceptions by the petitioners to the dismissal of said petition and by the inhabitants of South Thomaston, beneficiary under the said will, to the allowance of an amendment to said petition.

The case is stated in the opinion.

*Coggan & Coggan,* for the petitioners.

*R. I. Thompson,* for inhabitants of South Thomaston.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, JJ.

SPEAR, J. This case comes up on exceptions by both the petitioner to enter an appeal from the decree of the Judge of Probate admitting to probate the will of Harriet A. Monroe, late of Rockland, deceased, and by one of the beneficiaries named in the will, to the allowance of an amendment of the petition. The petition is as follows:

Respectfully petitions and represents to this Honorable Court the undersigned.

That Harriet A. Monroe, who last dwelt in Rockland, in said county, died on the 26th day of January, A. D. 1911.

That your petitioners are heirs-at-law and next-of-kin of the deceased.

That there was presented to the Probate Court for said county of Knox a petition asking for the probate of a certain instrument purporting to be the last will and testament of said Harriet A. Monroe, by David V. Smith, the executor named therein.

That upon said petition an order of notice issued out of said Probate Court, with order thereon, that the same be published for three weeks successively in the Rockland Opinion, a newspaper published at said Rockland, giving notice to all parties to appear at a Probate Court to be held at Rockland in and for said county on the 21st day of February, A. D. 1911.

That on said 21st day of February, said petition being uncontested, no one appearing to oppose the granting of said petition, a decree was entered in said Probate Court proving and allowing said document as the last will and testament of the said deceased, Harriet A. Monroe.

That your petitioners live in a remote part of the state, having had no previous knowledge of the sickness or death of the deceased, nor did any knowledge of the presentation of said instrument to said court come to their notice.

That they were entirely ignorant of the death of the deceased, or of the existence of any instrument purporting to be the last will of the deceased, or that any steps had been taken in the settlement of her estate.

That through accident, mistake and defective notice and without fault on your petitioners' part, they omitted to claim or prosecute their appeal, or to appear in said proceedings.

And your petitioners set forth as the reasons of said appeal that said instrument filed and admitted to probate as the last will and testament of the said deceased, Harriet A. Monroe, was not the will of the said Harriet A. Monroe, and that the same was not duly executed, that the said deceased was not at the time of the alleged execution of said instrument of sound and disposing mind, but was of unsound mind, and that undue influence was exerted upon the said deceased, thereby rendering the execution of said instrument, if executed at all, null and void.

Wherefore your petitioners pray that they may be allowed to enter an appeal from the decree of said court of probate to this Honorable Supreme Court of Probate, and be allowed to prosecute their appeal as if it had been seasonably done, and that due notice to all parties adversely interested may be given.

The inhabitants of South Thomaston, beneficiaries under the will, moved to dismiss the petition for the following reasons:

And now comes the Inhabitants of the town of South Thomaston, beneficiaries named in the will of said Harriet A. Monroe, and upon whom a duly attested copy of said petition has been served, and moved that said petition be dismissed for the following reasons, namely:

1. Because said petition does not allege that justice required a revision.

2. Because said petition does not allege that any will of said Harriet A. Monroe was ever presented for probate in the Probate Court of Knox county. It alleges only a petition therefor.

3. Because said petition alleges that an order of notice on said will was "issued out of said Probate Court" but does not allege that said order was not complied with.

4. Because said petition does not allege in what part of the State said petitioners lived at the time of the sickness or death of said Harriet A. Monroe or at the time of the presentation of her will for probate or at the time of the probate thereof.

5. Because said petition does not allege that the petitioners named therein did not have knowledge of the presentation of said will for probate. It says only that they had no knowledge of notice.

6. Because there is nothing in said petition to show that the petitioners did not have such knowledge within twenty days after the probate of said will (February 21, 1911) so that they or either of them might have appealed to the Supreme Court of Probate within that time if they or he had so desired.

The Justice sitting at the Supreme Court of Probate dismissed the petition upon the first, fourth and sixth grounds alleged in the motion. To this ruling the petitioners took exceptions. The motion to dismiss was equivalent to a demurrer. In Gurdy, appellant, 101 Maine, 73, involving a motion to dismiss, the court *held:* "This is in effect a demurrer. In passing upon the issue thus raised, all the allegations in the appeal and reasons of appeal must be taken as true." At the threshold, therefore, is raised the question whether this petition is sufficient, assuming every statement to be true, to give the Supreme Court of Probate jurisdiction to hear the evidence for the purpose of determining the question of fact, whether justice required such revision of the decree, as would authorize the appeal to be entered and prosecuted. The language of the statute R. S., Chap. 65, Sec. 30, authorizing the appeal is: "If any such person from accident, mistake, defect of notice, or otherwise without fault on his part, omits to claim or prosecute his appeal, as aforesaid, the supreme court, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted. . . ." But one of the objections to the validity of the petition is because it "does not allege that justice requires a revision." It is not necessary that it should. It is not a jurisdictional fact. The jurisdictional averments of the statute are accident, mistake, defect of

notice and want of fault on the part of the petitioner. These requirements are conditions precedent to any further inquiry, and hence must be alleged. Upon failure to aver and establish them the case ends, irrespective of its merits. But upon proof of these prerequisites, then the court may go further and inquire whether "justice requires a revision," this being a matter of proof and not of jurisdiction. In *Danby* v. *Dawes*, 81 Maine, 30, the court say: "Still it does not necessarily follow that the petition shall aver everything which may be proved to authorize jurisdiction. . . . We do not think that the technical rules of pleading should be stringently applied in a case of this kind." In Gurdy, appellant, 101 Maine, 73, where the question of jurisdiction was directly raised, the court say: "It is not denied that when an interested party, from accident, mistake or otherwise without fault on his part, omits to claim an appeal, the Supreme Court of Probate has authority to allow an appeal to be entered." In addition to these jurisdictional averments, it was held in Gurdy, appellant, 101 Maine, *supra*, that to justify an entry of an appeal, two things are indispensable. "Appeal must show what order, sentence, decree or denial of the Judge of Probate is appealed from; and taking all allegations in the appeal and the reason therefor to be true, it must appear that there was error." These are both found in the petition before us. The second reason for dismissal is obviated by the averment in another paragraph in the petition that the will was probated on the 21st day of February following the date of the petition. The other objections clearly go to matters of proof rather than averment. In Gurdy, appellant, 101 Maine, *supra*, the rule governing this class of cases was stated as follows: "Technical precision of statement and pleading are not required in probate appeals to the same extent as in actions at law." *Danby* v. *Dawes*, 81 Maine, 30; *Chase* v. *Bates*, 81 Maine, 182.

Under this rule of liberal interpretation, it is the opinion of the court that the petition was sufficient to authorize the court to proceed to a hearing thereon. Upon this conclusion it becomes unnecessary to consider the exceptions to the allowance of the amendment.

*Exceptions to the dismissal*
*of the petition sustained.*