EMMA MUNROE CARTER, et al.,
Appellants from decree of Judge of Probate.

Knox.     Opinion March 30, 1915.

*Appeal.   Bond.   Entering Appeal.   Exceptions.   Notice.*
*R. S., Chap. 65, Sec. 28.   Will.*

1.   The statute regulates the right of appeal from decrees of the Judge of Probate; and but two ways are provided, Secs. 28 and 29, Chap. 65, of the R. S., and, unless the provisions of the statute are complied with, the right of appeal is lost.
2.   Before an appeal can be entered under Sec. 30 of Chap. 65, there must be a petition and notice given thereon, and if, upon hearing, the petition is granted, the entry should be made at the term which it is granted, but before the appeal is entered the petitioners must file an appeal bond, as required by the statute giving the right of appeal.

On exceptions by appellants.   Exceptions overruled.

The petitioners filed in the Probate Court notice of appeal from the allowance by the Probate Court of the will of Harriet A. Munroe by decree of February 21, 1911, to the September term, 1913 of Supreme Judicial Court.   Notice of this appeal was served upon the executor.   Appeal and reasons of appeal were entered at the September term, 1913, and upon entry day the executor filed a motion to dismiss the appeal.   At the January term, 1914, the motion to dismiss was granted and appeal dismissed.   To this ruling the petitioners excepted.

The case is stated in the opinion.
*Coggan & Coggan*, for appellants.
*R. I. Thompson*, for executor.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.    An instrument, purporting to be the last will and testament of Harriet A. Munroe, was proved and allowed as her will by the Probate Court for Knox County on February 20, 1911.    No appeal was claimed within twenty days, as provided by Sec. 28, Chap. 65, R. S., but, on September 16, 1911, the petitioners, residents of Hancock County and heirs at law of said Harriet A. Munroe, filed a petition in the Supreme Judicial Court, as provided by Sec. 30, Chap. 65, R. S., alleging that, without fault on their part, by accident, mistake, or defect of notice, they omitted to claim or prosecute an appeal, and asked for leave of court to enter and prosecute an appeal from said decree with the same effect as if it had been seasonably done.    Notice was given upon the petition, and at the January term, 1912, a motion to dismiss the petition was filed by a beneficiary under the will, and, after hearing, the motion was granted and the case came to this court upon exceptions.    The exceptions were sustained, *Carter, Petr.*, 110 Maine, 186, and at the January term, 1913, the petition to enter the appeal was granted.    The appeal was not entered until the April term of court following, at which term the executor named in said instrument filed a motion to dismiss the appeal because the petitioners had not filed an appeal bond, as required by statute. The court ordered the appeal dismissed.    Exceptions were taken and the case brought to this court, and the exceptions were overruled and the appeal dismissed.    *Carter, Petr.*, 111 Maine, 1.

While the last mentioned exceptions were pending in the Law Court, the petitioners filed in the Probate Court another notice of appeal and reasons of appeal and an appeal bond, claiming an appeal from the allowance by the Probate Court of the will by decree of February 21, 1911, to the September term, 1913, of the Supreme Judicial Court.    Notice of this appeal was served by a deputy sheriff upon the executor and legatees named in said instrument. The appeal and reasons of appeal were entered at the September term, 1913, and on the entry day the executor named in said will

filed a motion to dismiss the appeal, "because it does not appear from said alleged appeal that any appeal was taken from said Judge of Probate for said county within the time required by law, nor in the manner provided by law, or in any manner."

The case was continued to the January term, 1914, when the mandate from the Law Court dismissing the petitioners' appeal entered at the April term, 1913, having been entered, this case was heard, the motion to dismiss granted, and the appeal dismissed. The petitioners bring the case to this court upon exception to that ruling.

The statute regulates the right of appeal from decrees of the Judge of Probate; and but two ways are provided, Secs. 28, 29, 30, R. S., 65, and unless the provisions of the statute are complied with the right of appeal is lost. *Moore* v. *Phillips*, 94 Maine, 421; *Carter, et al., Applts.*, 111 Maine, 186.

It cannot be claimed that this is an appeal under section 28, which gives the right, if claimed within twenty days from the date of the proceeding appealed from. The appeal states that the petitioners appealed from a decree of the Judge of Probate made February 21, 1911, to the Supreme Court of Probate, to be held the third Tuesday of September, 1913, more than two and one-half years thereafterwards. Neither is it an appeal under section 30, as there is no petition for leave to enter the appeal, and the petitioners proceeded as if acting under sections 28 and 29, the appeal and reasons therefor, as entered, being as provided in sections 28 and 29, and notice was served upon the executor and beneficiaries as if it were under sections 28 and 29. Before an appeal can be entered under section 30 there must be a petition therefor, and notice given upon the petition, and if, upon hearing, the petition is granted, the entry should be made at the term at which it is granted, but before the appeal is entered the petitioners must file an appeal bond, as required by the statute giving the right of appeal.

The Massachusetts statute regulating probate appeals is the same as ours, and the court in *Baily* v. *Frances*, 153 Mass., 11, construes the statute as follows: "It (the appeal) can be entered at the prescribed time as of course; it can be entered after that time for cause, upon petition therefor and notice to the appellees, but the notice is to answer to the petition and not to the appeal. If the petition is allowed and the appeal entered, the appellee is to take notice of the entry, and is under the jurisdiction of the court to answer to it as if it had been entered as of course."

The bill of exceptions does not show why the appeal which the court granted leave to enter at the January term, 1913, was not entered at that term; but that is not material in these proceedings. The petitioners were given leave to enter an appeal at the January term, 1913, and the appeal was afterwards entered and a hearing had. That appeal was dismissed and finally ended, *Carter, Petr.*, 111 Maine, 186. It was pending when the petitioners attempted to claim and enter the appeal in this proceeding. The appeal was not entered by leave of court, as provided in section 30. This court had granted but one leave to enter an appeal from the decree of the Judge of Probate allowing the instrument as the will of Harriet A. Munroe, which was acted upon by the petitioners and entered at the April term, 1913. When that appeal was entered it exhausted the rights of the petitioners under the order granting them leave to enter an appeal. The leave granted was to enter an appeal, not to enter appeals. It was not a continuing leave, to be exercised whenever and as often as they desired.

As the record in the case shows the appeal was not entered as provided by sections 28 and 29 or by leave of court as provided by section 30, it was not properly before the court, and the ruling below was correct.

*Exceptions overruled.*