ELMER E. ELLIS,

Petitioner for Leave to Enter Appeal from Probate Court In Re Estate of Harriet F. Ellis.

Kennebec.    Opinion November 22, 1917.

*Probate appeals.    Discretionary right of presiding Justice to grant leave to enter*
*an appeal.*

1.   The remedial provisions of Sec. 33, Chap. 67, R. S., are not limited to cases where the appellant has omitted "to claim" an appeal, but they also include cases where an appellant has omitted to "prosecute his appeal" which he had duly claimed.

2.   The petitioner's appeal was never entered in court within the meaning of the statute, because it had not been served as required by statute.

3.   Until the reasons of appeal are served, as the statute provides they shall be, the appellate court has no jurisdiction to act upon the appeal, and can do nothing more than dismiss it, as was done in this case.

4.   The reasons of appeal not having been served, as the statute requires that they must be, the appellate court had no jurisdiction of the matter and no authority to order service of the reasons of appeal.

5.  The phrase "defect of notice" as used in Sec. 33, Chap. 67, R. S., includes cases where there is an omission to give any notice of the reasons of appeal, as well as cases where the notice given is defective.

6.  A petition for leave to enter and prosecute an appeal, under the provisions of Sec. 33, Chap. 67, R. S., in which the petitioner alleges, that he seasonably claimed an appeal, "but that through accident, mistake, defect of notice, or otherwise without any fault on his part, said appeal papers were not properly served upon the adverse party who appeared before the Judge of Probate, as required by law," and "that justice requires a revision of the decree" appealed from, contains sufficient allegations of the jurisdictional facts which are prerequisites to the maintenance of such a petition.

7.  A petition for leave to enter and prosecute an appeal from the decree of the Judge of Probate when heard by the presiding Justice of the Supreme Court is addressed to his discretion and his decision whether or not the petition should be granted is final and not subject to exception, at least so far as all questions of fact involved are concerned.

Petition for leave to enter appeal from decree of Judge of Probate. Appellee filed motion to dismiss, which motion was overruled by presiding Justice and petitioner was granted leave to enter his appeal. To this ruling, appellee filed exceptions. Exceptions overruled.

Case stated in opinion.

*Andrews & Nelson,* for petitioner.

*Carl C. Jones,* for appellee. · ·

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

KING, J.   This case comes up on exceptions to a ruling granting the petitioner leave to enter his appeal from a decree of the Judge of Probate for Kennebec County.

The provisions of statute, so far as material in this case, are these: Any person aggrieved by a decree of a Judge of Probate, with certain exceptions not important to be noted here, may appeal therefrom to the Supreme Court to be held within the county, if he claims his appeal within twenty days from the date of the proceeding appealed from.   R. S., 1916, Chap. 67, Sec. 31.   Within the time limited for claiming an appeal, the appellant shall file, in the probate office, his bond to the adverse party for such sum and with such sureties as the judge approves, conditioned as provided for in the statute, and he shall also file in the probate office the reasons of appeal, and shall,

fourteen days at least before the sitting of the appellate court, serve all the other parties, who appeared before the Judge of Probate in the case, with a copy of such reasons, attested by the register. R. S., Chap. 67, Sec. 32. Section 33 of said chapter reads as follows: "If any such person from accident, mistake, defect of notice, or otherwise without fault on his part, omits to claim or prosecute his appeal as aforesaid, the supreme court, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect, as if it had been seasonably done; but not without due notice to the party adversely interested, nor unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made; and said petition shall be heard at the next term after the filing thereof."

The petitioner's appeal with the reasons of appeal, and the bond to the adverse party, all as required by statute, were seasonably filed in the probate office within twenty days from the date of the decree appealed from.

At the next term of the appellate court, the October term, 1916, of the Supreme Judicial Court for said county, the appeal was "dismissed for want of service." Thereupon the petitioner presented this petition, under the provisions of Sec. 33, Chap. 67, R. S., for leave to enter and prosecute his said appeal, alleging therein, "that through accident, mistake, defect of notice, or otherwise, and without any fault on his part, said appeal papers were not properly served upon the adverse party who appeared before the judge of probate in the case, as required by law." He also stated in his petition "that justice requires a revision of the decree of the judge of probate," and he asked that leave to enter his appeal be granted. At the March term, 1917, of said court, the personal notice ordered on said petition having been proved, the appellee filed a motion that the petition be dismissed for the following reasons:

1. That from the decree of the Judge of Probate mentioned in said petition an appeal was had by the said Elmer E. Ellis, within the time allowed for appeals, said appeal was duly entered in the Supreme Judicial Court in and for the County of Kennebec and was dismissed by the presiding Justice.

2. That if no appeal was claimed or prosecuted by the said Elmer E. Ellis within the time allowed it was not by reason of any accident, mistake, defect of notice, or otherwise without fault on his part, as alleged in said petition for leave to enter his appeal.

3. That the petitioner gives no reasons in his petition for leave to enter his appeal why justice requires a revision of the decree of the Honorable Judge of Probate.

4. That the above entitled petition for leave to enter an appeal is irregular, unauthorized and insufficient.

Thereupon, at said March term, a hearing was had before the presiding Justice upon said petition and the motion to dismiss and, as stated in the exceptions, "the Justice ruled as a matter of law that the petitioner was entitled to the relief prayed for, denied the motion of the respondent and granted permission to enter the appeal." To that ruling the exceptions before us were taken.

1. It is claimed in support of the exceptions that inasmuch as the petitioner seasonably took his appeal and filed in the probate office his reasons of appeal, and the bond required by the statute, and his appeal was dismissed by the Supreme Court, he has had his appeal and, therefore, his petition does not come within the meaning of said Sec. 33. We think that claim is not sustainable. The remedial provisions of Section 33 are not limited to cases where an appellant has omitted "to claim" an appeal, but they also include cases where an appellant has omitted to "prosecute his appeal" which he had duly claimed. Such is plainly the meaning of the words of the statute, "omits to claim or *prosecute* his appeal as aforesaid." See *Sproul* v. *Randall*, 107 Maine, 274, 277; *Gurdy's Appeal*, 103 Maine, 356. The petitioner's appeal was never entered in court within the meaning of the statute, because it was not served, as the statute requires. Until the reasons of appeal are served, as the statute provides they shall be, the appellate court has no jurisdiction of the matter, and can do nothing more than dismiss it, as was done in this case. In the brief for the appellee it is suggested that the petitioner's remedy for the lack of service of his reasons of appeal was to obtain an order of service from the appellate court, "thus preserving his appeal absolutely." It is a sufficient answer to that suggestion, that the appellate court had no jurisdiction of the matter, because the reasons of appeal had not been served as required by the statute. It had no authority to order service of the reasons of appeal. No such an order was made in *Gurdy's Appeal*, 103 Maine, 356, as the appellee suggests. In that case the original appeal was properly served, entered in court, went to the Law Court on appellant's exceptions and was there argued and a decision made on the question raised. It was

on the petition thereafter filed for leave to enter an appeal that the Supreme Court ordered notice. That, of course, it had authority to do under the express provisions of Section 33 requiring "due notice" of the petition to the party adversely interested.

If the appellee contends that the provisions of Section 33 do not include cases where there is an entire want of service of the reasons of appeal, as distinguished from "defect of notice," as may have been the fact in this case, the answer to that contention is, that the court held otherwise in *Sproul* v. *Randall*, 107 Maine, page 277, saying: "We think however the spirit, if not the strict letter, of Sec. 30 (now Sec. 33) includes an omission to give any notice, and also an omission to enter the appeal."

2. The second reason, stated in the motion to dismiss as a ground for dismissal, is a denial of the truth of the allegations of the petition. This is not now urged in support of the exceptions. A mere denial of the truth of the allegations of the petition is not a reason for dismissing it. Moreover, under the motion to dismiss the allegations of the petition are to be taken as true.

3. It is objected that the allegations of the petition are not sufficient, and for that reason the exceptions should be sustained. We think there is no merit in that objection. The statute specifies certain jurisdictional facts, namely, "accident, mistake, defect of notice, or otherwise without fault on his (the petitioner's) part," as prerequisites to the maintenance of such a petition; and these jurisdictional facts must be alleged and proved. In this case they were alleged in the exact language of the statute.

Those allegations were sufficient, and when proved the court could proceed to inquire whether "justice requires a revision" of the decree appealed from. And inasmuch as the appellee moved to dismiss the petition, which motion is in effect a demurrer, all those allegations of fact made in the petition were to be taken as true. *Gurdy's Appeal*, supra, *Carter et als., Petitioners*, 110 Maine, 1, 4. It was not necessary, we think, that the petition should aver wherein it would appear that the petitioner's omission to enter or prosecute his appeal was from accident, mistake, defect of notice, or otherwise without fault on his part. That is a matter of proof and it need not be specifically alleged. Technical rules of pleading should not be required in cases of this kind. *Danby* v. *Dawes*, 81 Maine, 30. Nor was it necessary to allege why justice requires a revision. It is only necessary that

the fact be established that justice requires a revision. And the allegation of that fact need not be alleged. *Carter et als., Petitioners,* supra. In the case at bar that fact was alleged and established.

4. The fourth ground for dismissal, as set out in the appellee's motion, is that the "appeal is irregular, unauthorized and insufficient." We do not find that the appellee has suggested in his brief, or could suggest, any ground why the petition for leave to enter the appeal "is irregular, unauthorized and insufficient," other than what is comprised in the first and third reasons specified in his motion to dismiss, that is, (1) that the petitioner took his appeal and must be held to have prosecuted it, and (3) that the allegations of his petition for leave to enter an appeal are not sufficient. But those objections we have already considered and found not sustainable.

Finally. It has been distinctly held in our decisions that a petition for leave to enter an appeal from a decree of the Judge of Probate when heard by the presiding Justice of the Supreme Court is addressed to his discretion and his decision whether or not the petition should be granted is final and not subject to exception. *Graffam v. Cobb,* 98 Maine, 200, 206; *Savage, Pet'r, v. Chase,* 92 Maine, 252; *Goodwin, Pet'r, v. Prime,* 92 Maine, 355. In this case, therefore, all questions of fact necessarily involved in the question whether or not leave to enter the appeal should be granted, were conclusively determined by the presiding Justice, and are not open under the bill of exceptions, notwithstanding it is there stated that "the Justice ruled as a matter of law," for such a statement could not change a question of fact to one of law. And we entertain doubt if the ruling excepted to related to any question of law that was not concluded by the decision of the Justice, to whose discretion was addressed the determination of the question whether the petitioner ought under the provisions of the statute to be allowed to enter his appeal. Nevertheless, we have considered all the questions, both of law and fact, involved in the ruling complained of, and are of the opinion that no error was committed.

*Exceptions overruled.*