STATE *vs.* JAMES G. TAYLOR.

Kennebec.      Opinion, January 14, 1933.

*H. C. Marden,* County Attorney for the State.
*Robert A. Cony,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.   The respondent was tried and found guilty of the crime, set out in our statutes, Chap. 29, Sec. 88, "Whoever shall operate or attempt to operate a motor vehicle upon any way, or in any other place when intoxicated or at all under the influence of intoxicating liquor or drugs, upon conviction, shall be punished, etc."

During the trial two exceptions were noted, to the admission of a question during cross-examination of respondent, and to refusal to give a requested instruction to the jury.

Regarding the evidence, respondent was being tried for an alleged misdemeanor.

The fact in issue was whether or not in the town of Randolph, on the twenty-ninth day of April, 1932, respondent did operate an automobile while under the influence of intoxicating liquor.

Respondent voluntarily became a witness in his own behalf. He thus accorded to the State's attorney the right to inquire of him in cross-examination, fully and in detail as to any fact, the existence of which renders probable or improbable the main fact sought to be proved.

"When the accused volunteers to testify in his own behalf at all, upon the issue whether the alleged crime has been committed or not, he volunteers to testify in full. His oath in such case requires it. If he waives the constitutional privilege at all, he waives it all. He can not retire under shelter when danger comes.

"The door opened by him is shut against retreat. The object of all examinations is to elicit the whole truth and not a part of it.

"Under our rule, the cross-examination of a witness is not

confined to the matters inquired of in chief. A party, testifying as his own witness, can be examined just as any other witness could be in any respect material and relevant to the issue. To some extent, more can be elicited from him than from a common witness, because his statements are admissions as well as testimony.

"Any other construction would render the statute a shield to crime and criminals." *State* v. *Witham*, 72 Me., 531.

The question to which objection was made, and exception noted, was, "You do take a drink once in a while?"

In the short colloquy between Court and counsel for the respondent, prior to ruling, the Court suggested that the question objected to was, "whether he ever drank or whether he is a total abstainer."

It is not a question as to any precedent crime.

As the bill of exceptions is framed it does not include enough data for us to draw the conclusion that the question was even technically inadmissible.

We have no knowledge of what the State's evidence may have brought out. We do not know what the respondent may have admitted nor what he may have denied before this question was asked.

We cannot travel outside the bill of exceptions to discover any fact. *Jones* v. *Jones*, 101 Me., 447, 64 A., 815; *Doylestown Agr. Co.* v. *Brackett, Shaw & Lunt Co.*, 109 Me., 301, 308, 84 A., 146; *Borders* v. *B. & M. R. Co.*, 115 Me., 207, 98 A., 662; *Skene* v. *Graham*, 116 Me., 202, 100 A., 938; *State* v. *Houlehan*, 109 Me., 281, 284, 83 A., 1106; *State* v. *Wentworth*, 65 Me., 234; 28 *R. C. L.*, 444.

This Court has repeatedly ruled that on a bill of exceptions which does not include information essential to the reaching of necessary conclusions, as is the one before us, the exceptions fail.

The requested instruction reads as follows:—"The Jury must be satisfied beyond a reasonable doubt that this respondent at the time he was operating the car, was so under the influence of intoxicating liquors that his mental faculties were not functioning in their normal manner."

The decision of the Court below in refusing to add the requested

instruction to what he had already given in his charge was eminently right.

The condition that makes a driver, under the influence of intoxicating liquor or drugs, a menace to the travelling public, is not only a lessening of his mental alertness, or an exhileration thereof, but as well any weakening or slowing up of the action of his motor nerves, interference with the coördination of sensory and motor nerves, which may cause sluggishness where quickness of action is demanded.

In countless cases of daily occurrence tardiness of action by drivers of automobiles, trucks or busses may bring loss of property, maiming or death to people lawfully on our highways.

*Exceptions overruled.*
*Judgment for the State.*