NEWTON EDWARDS, PETITIONER,

*vs.*

ESTATE OF HORACE WILLIAMS.

Kennebec.    Opinion, October 20, 1942.

*Sewall, Varney & Hartnett,* Portsmouth, N. H., for the petitioner.

*John E. Wilson,* for the trustee.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MANSER, J.   This case comes up on exceptions to a ruling granting the petitioner leave to enter his appeal from a decree of the Judge of Probate for Kennebec County. The petitioner was a beneficiary under a testamentary trust. The Probate Court allowed the Sixth Account of the Trustee under said trust. The petitioner claimed to be aggrieved by the allowance of the account, but did not appeal within the twenty days allowed by R. S., c. 75, § 31. Later, he presented to the Supreme Court of Probate a petition for leave to enter such an appeal under the provisions of R. S., c. 75, § 33, which read as follows:

> "If any such person from accident, mistake, defect of notice, or otherwise without fault on his part, omits to claim or prosecute his appeal as aforesaid, the supreme court of probate, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect, as if it had been seasonably done; but not without due notice to the party adversely interested, nor unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made; and said petition shall be heard at the next term after the filing thereof."

The petition was set forth in ten numbered paragraphs. Counsel for the Trustee in opposing the petition filed a demurrer to the last six paragraphs and admitted the allegations of the first four.

These pleadings were followed with a motion to dismiss. The long and well established practice of raising the questions presented for consideration to the Supreme Court of Probate as to whether or not the petition can be maintained, is by motion to

dismiss. The somewhat technical pleading in this case has the same effect. In *Gurdy, Appellant,* 101 Me., 73, 63 A., 322, the Court said of a motion to dismiss:

"This is in effect a demurrer."

and in *Carter et als, Petitioners,* 110 Me., 1, 85 A., 39, 40:

"The motion to dismiss was equivalent to a demurrer."

The jurisdictional basis for the consideration of a petition must be alleged therein. It was set forth in the present petition. As said in *Carter et als, Petitioners,* supra:

"These requirements are conditions precedent to any further inquiry."

But as enunciated in *Ellis, Petitioner,* 116 Me., 462, 102 A., 291, 293:

"It was not necessary, we think, that the petition should aver wherein it would appear that the petitioner's omission to enter or prosecute his appeal was from accident, mistake, defect of notice, or otherwise without fault on his part. That is a matter of proof and it need not be specifically alleged."

The statute expressly provides for hearing and thus enables the parties to produce evidence in support and elaboration of the issues raised.

This brings us to the question of the sufficiency of the exceptions because of their failure to include the entire record. The bill sets forth only an exception to the ruling of the presiding Justice and adds:

"The petition, demurrer, decree and docket entries are hereby referred to and made a part of this bill of exceptions."

The Court is thus without the benefit of the facts testified to at the hearing. No copy of the evidence was submitted. It is

asserted by the petitioner in his brief, and conceded by the Trustee, that a hearing was actually. held.

The petitioner says:

"The Supreme Court of Probate at the hearing heard the testimony and facts of the case."

"In the case at bar it was understood and agreed between counsel at the time of the submission of the case to Judge Atkins (of the Probate Court) that the Court would notify both parties of any decision, inasmuch as there was a large amount of money at stake and both parties had previously expressed their intention to appeal any decree of the probate court. This fact was brought out in the Supreme Court of Probate and was not disputed by the trustee's attorney."

In other words, it is asserted this element was developed at the hearing, although not alleged in the petition.

If this fact was substantiated by testimony before the presiding Justice below, and the Judge of Probate had assented and agreed to notify the parties of his decision, then the presiding Justice would certainly have been justified in his ruling, if he also concluded that justice required a revision.

This Court, however, cannot speculate upon what the record might have shown, if presented. It was the duty of the Trustee, as exceptant, to produce it.

Whether the hearing was formal or informal, or whether the testimony was reported and transcribed, does not appear. The exceptant cannot now be heard to say that there was no record made. Such record was necessary to the preservation of his rights. In matters which come to this Court, a record of the evidence, as a result of which the Justice below made his ruling and decision, is essential.

It is a uniformly necessary requirement that the reviewing tribunal should have before it the testimony upon which the presiding Justice arrived at his conclusion. The reason for this

is cited in the case *In Re. Hooper's Estate,* 136 Me., 451, 12 A., (2d), 417, as follows:

> "The findings of a Justice of the Supreme Court of Probate in matters of fact are conclusive if there is any evidence to support them. It is only when he finds facts without evidence that his finding is an exceptionable error in law."

This Court cannot determine whether the presiding Justice below was in error when the evidence upon which the claim is based is not presented for consideration. To bring such a case forward without the evidence is as futile a gesture as it would be to omit the record of the testimony on a motion to set aside a jury verdict as against the evidence.

The bill of exceptions must be drawn as prescribed and must contain the requisites so often and patiently laid down by this Court. This is not arbitrary and the reasons for the rules have been reiterated until there is no excuse for noncompliance. Such reasons are patent in the present case. *McCann's Sons* v. *Foley,* 129 Me., 486, 149 A., 837; *State* v. *Taylor,* 131 Me., 438, 163 A., 777; *Atkinson* v. *Connor,* 56 Me., 546; *Harvey* v. *Dodge,* 73 Me., 316; *Carleton* v. *Lewis,* 67 Me., 76; *Gerrish, Ex'r.,* v. *Chambers,* 135 Me., 70, 189 A., 187; *Bronson, Appellant,* 136 Me., 401, 11 A. (2d), 613.

The mandate must be

*Exceptions overruled.*

WORSTER, J., participated, but, having retired, does not join in the opinion.