JAMES B. PATTERSON
*vs.*
NORA F. PATTERSON, EX'X.
UNDER WILL OF RALPH H. PATTERSON

Cumberland.   Opinion, July 5, 1962.

*Udell Bramson,* for the plaintiff.

*Jacob Agger,*
*Philip G. Willard,* for the defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   DUBORD, J., did not sit.

SULLIVAN, J.   This case arises on appeal from the dismissal by the presiding Justice of the Supreme Court of Probate, of plaintiff's complaint.

The record consists of the complaint, of the defendant's answer thereto and counterclaim, of the defendant's motion to dismiss the complaint and of the court's decision upon that motion. These papers supply some data. Ralph H. Patterson died on December 15, A. D. 1959 survived by the plaintiff, James B. Patterson, as his only son and heir and by the defendant as his widow. The will of Ralph H. Patterson without adversative appearance or opposition was admitted to probate by the Judge of the Probate Court on January 7, A. D. 1960 while James B. Patterson was yet a minor. October 4, A. D. 1960 plaintiff asserted by complaint to the Superior Court that the instrument probated had not been duly executed and that at the time of its purported execution Ralph H. Patterson was of unsound mind and was a victim of undue influence. Plaintiff averred that because of his infancy and without fault he had not appeared in the probate proceeding and had not taken or prosecuted an appeal. Justice, the plaintiff contended, requires a revision of the decree which probated the will and plaintiff petitioned the Superior Court for belated leave to enter and prosecute an appeal from such decree of the Probate Court.

By answer the defendant, the executrix of the will, admitted certain of the plaintiff's allegations and denied others. The defendant in her answer and in a motion to dismiss the complaint protested that the plaintiff had failed to state in his complaint any cause of action entitling him to relief and that the plaintiff should have resorted for any redress to the Supreme Court of Probate and not to the Superior Court.

The defendant in a counterclaim affirmed that the plaintiff had already received $550 in settlement of any and all of his claims against the estate of Ralph H. Patterson or against the defendant.

The presiding justice granted defendant's motion to dismiss in the following language:

"This matter came on to be heard upon a motion to dismiss filed by the defendant.

"Upon consideration thereof and upon the pleadings, the motion is granted.

*"It appearing, among other matters considered,* that the plaintiff failed to conform to the statutory requirements through which this Court may, under proper circumstances, allow a probate appeal to be entered.

" R. S. 1954, Chap. 134, Sec. 34.

"The entry shall be motion to dismiss granted." (Italics supplied.)

The record contains no transcription of the proceedings at the hearing upon or argument of the motion for dismissal of the complaint or of the topics or elements there developed. This court cannot know whether the hearing was formal or informal and cannot speculate as to what the record might show if amplified or fully presented. It is essential that this court know such evidence or conceded factors as decided the presiding justice in his ruling and decision. *Edwards* v. *Estate of Williams,* 139 Me. 210, 213.

A conventional appeal to the Supreme Court of Probate from the decree of the Judge of Probate, allowing the will could have been instituted as of course on or before January 27, A. D. 1960, *R. S., c. 153,* § *32,* as amended; *Carter et al., Appellants,* 113 Me. 232, 234. There was no such appeal. Although the plaintiff was a minor at the time of the probate of the will nevertheless the decree was one in rem and effective against him despite his infancy. *R. S., c. 154,* § *5; c. 153,* § *52; Bonnemort* v. *Gill,* 167 Mass. 338, 340; *Fuller* v. *Sylvia,* 243 Mass. 156, 159; *Donnell* v. *Goss,* 269 Mass. 214, 217; *Ryan* v. *Cashman,* 327 Mass. 677, 679; *McEndy* v. *McEndy,* 318 Mass. 775, 776.

Within one year from January 27, A. D. 1960 and presumably after attaining his majority the plaintiff for alleged cause invoked R. S., c. 153, § 34 as amended by P. L., 1959, c. 317, § 287, a statute providing in pertinent part:

> "If any such person from accident, mistake, defect of notice or otherwise without fault on his part omits to claim or prosecute his appeal, the supreme court of probate, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered as if it had been seasonably done; - - -"

> "The superior court is the supreme court of probate and has appellate jurisdiction in all matters determinable by the several judges of probate;- - -"
> R. S., c. 153, § 32, as amended.

Plaintiff in his complaint represented that the instrument probated as his father's will is null and void and further pleaded verbatim, as follows:

> "3. Plaintiff avers that at the time the said will was allowed the plaintiff was a minor, and an infant, and no one appeared to oppose the granting of the allowance of said will.

> "4. Plaintiff avers that as a result of the above fact, and without fault on his part, he omitted to claim or prosecute his appeal or to appear in any said proceedings, and he avers that justice requires a revision of the ruling of the judge of probate granting the will.

> "5. Wherefore your plaintiff prays that he may be allowed to enter an appeal from the decree of said - - - - Court of probate to this Superior Court, and to be allowed to prosecute his appeal as if it had been seasonably done, - - - -"

The motion to dismiss plaintiff's complaint tests the legal sufficiency of the complaint. All well pleaded material allegations are to be regarded as admittedly true, *Carter et al., Petitioners*, 110 Me. 1, 4, but not conclusions of law

from the facts alleged. *Hopkins* v. *Erskine*, 118 Me. 276, 277. The technical rules of pleading are not to be stringently applied. *Danby* v. *Dawes*, 81 Me. 30, 32; *M. R. C. P., Rule 8 (f)*, 155 Me. 496.

> " - - - It was not necessary, we think, that the petition should aver wherein it would appear that the petitioner's omission to enter or prosecute his appeal was from accident, mistake, defect of notice, or otherwise without fault on his part. That is a matter of proof and it need not be specifically alleged. - - -"
>
> *Ellis* v. *Petitioner*, 116 Me. 462, 466.

Confrontation of plaintiff's complaint, paragraphs 3, 4 and 5, *supra*, with the jurisdictional requirements in R. S., c. 153, § 34, as amended, *supra*, confirms satisfactorily that the complaint contains a statement entitling the plaintiff to have his petition entertained and to be heard upon its equitable issues by the Supreme Court of Probate.

It therefore devolved upon the plaintiff to demonstrate to the Supreme Court of Probate that justice required a revision.

> " - - - As prerequisite to the maintenance of the petition the petitioner is required to prove that, from accident, mistake, defect of notice or otherwise without fault on its part, it omitted to claim or prosecute its appeal. This is a distinct element, essential of proof.
>
> "If shown, then the presiding Justice must proceed to the second necessary element, that 'justice requires a revision.'
>
> "The first element rests upon a finding of fact. The second calls for the exercise of judicial discretion, based upon facts.
>
> - - - - - - - - - - - - - - - - - - - - - - - - - -
>
> "Findings of fact by a Justice presiding in the Supreme Court of Probate are conclusive and not to

be reviewed by the Law Court if the record shows any evidence to support them. This rule is firmly established in this state and has been reiterated and reaffirmed in many of our decisions." (Authorities cited) *Trust Co.* v. *Baker,* 134 Me. 231, 233.

Plaintiff, appellant here, had the burden of sustaining the cogency of this appeal. He has afforded this court in the record no enlightenment as to what the presiding justice alluded to when he ruled in his decree:

" - - - It appearing, *among other matters considered,* that the plaintiff failed to conform to the statutory requirements through which this Court may, under proper circumstances, allow a probate appeal to be entered - - -" (italics supplied.)

We indulge in no speculation but, by way of example only, such a transaction of payment and release as defendant represents in her counterclaim could, upon hearing, conceivably supply elements to activate the equitable discretion of a presiding justice.

In our ignorance of the determinants of the exercise by the presiding justice of his judicial discretion we can benefit from no premises from which would follow a conclusion as to abuse or soundness of discretion.

" - - - There was no issue formed for trial upon that question. The petitioner was only asking for an opportunity to be heard upon that issue in the Supreme Court of Probate. The only order that could be made by the court was that she should or should not have that opportunity.

"The petition therefore was addressed to the judicial discretion of the justice of the Supreme Court of Probate who should happen to hear it. When the determination of any question rests in the judicial discretion of a court, no other court can dictate how that discretion shall be exercised, nor what decree shall be made under it. There are

in such cases no established legal principles or rules by which the law court can measure the action of the sitting justice unless indeed he has plainly and unmistakably done an injustice so apparent as to be instantly visible without argument. - - - - 'Discretion implies that in the absence of positive law or fixed rule the judge is to decide by his view of expediency or of the demands of equity and justice.' *State v. Wood,* 23 N. J. L. 560."

*Goodwin* v. *Prime,* 92 Me. 355, 362.

*Cf. Sawyer* v. *Chase,* 92 Me. 252, 253.

*Graffam v. Cobb,* 98 Me. 200, 206.

The mandate must be:

*Appeal denied.*