## Appeal of Shultz Transportation Company

*Allison and Pyfer,* for appellant.

*Morgan, Hallgren & Heinly, P.C.,* for intervenors.

ECKMAN, *J.,* February 1, 1980—This is an appeal by the Shultz Transportation Company (appellant), from the decision of the Zoning Hearing Board of Pequea Township (board), denying appellant's application for either a favorable interpretation of the permitted uses section of the Pequea Township Zoning Ordinance[1] and/or a special exception. Nelson and Patricia Fry, Ernest and Lois Thomas, Richard and Joy Haas, John H. and Kathryn Ebersole, and Irvin and Ruth E. Snyder (intervenors) have filed a notice of intervention and have submitted a brief in support of the board's decision.

A hearing to consider appellant's application was held before the board on February 26, 1979, and was continued on March 26, 1979, at which time the intervenors, through counsel, expressed their opposition to appellant's request. The board announced its decision denying appellant's dual request at its hearing dated April 11, 1979. This appeal followed.

Our scope of review in this matter is limited to a determination, from the record, of whether the board abused its discretion or committed an error of law in denying appellant's request for a favorable

---

1. More specifically, Article VII, R-180 Residential Districts, Section 700, paragraph 3.

interpretation of the zoning ordinance. No evidence was taken beyond that relied upon by the board in reaching its decision: Soble Construction Company v. Zoning Hearing Board of the Borough of East Stroudsburg, 16 Pa. Commonwealth Ct. 599, 329 A. 2d 912 (1974).

Appellant's sole contention on appeal is that the board erred as a matter of law in finding that appellant's proposed use of the land in question as a school bus terminal is not a permitted use in an R-180 Residential District Zone. The R-180 Residential District has as a permitted use:

"3. Schools of a public school system and *related school uses.*" (Emphasis supplied.)

Appellant is a business corporation providing bus service by contract to Penn-Manor School District Intermediate Unit 13 and the Lancaster Area Vo-Tech Schools. Some of appellant's contracts for transporting school children are let on a yearly basis and are subject to competitive bidding. Thus, the possibility exists that appellant could lose the contracts for transporting school children. Appellant is also licensed by the Pennsylvania Public Utility Commission (PUC) to conduct charter services for private individuals, but appellant maintains that only one percent to two percent of its business is PUC related. There is no limit, however, to the percentage of private charter business which appellant may conduct under its PUC license.

Appellant proposes to use the land in question as a school bus terminal. During the school term (September through June) approximately 15 to 20 vehicles would be parked and stored on the premises. During the summer months approximately 65 to 70 vehicles would be located at the terminal site. Ap-

pellant also plans to install gasoline and diesel fuel storage tanks on the premises.

The fundamental question raised by appellant's application and this appeal is whether the proposed use of a tract of land as a school bus terminal by a private business which transports school children under contract in privately owned buses and which conducts charter services for private individuals under a PUC license is a "related school use." The board found to the contrary and we concur.

Appellant correctly cites Burgoon v. Zoning Hearing Board of Charlestown Twp., 2 Pa. Commonwealth Ct. 238, 277 A. 2d 837 (1971), Fidler v. Zoning Board of Adjustment, 408 Pa. 260, 182 A. 2d 672 (1962), and Abington Township v. Dunkin' Donuts Franchising Corp., 5 Pa. Commonwealth Ct. 399, 291 A. 2d 322 (1972), as outlining the "strict construction rule" applicable to zoning ordinance interpretations. That "rule" provides that because a zoning ordinance conflicts with the rights of a property owner under common law, the ordinance must be strictly construed in case of ambiguity to allow the widest permissive use of land. We do not believe, however, that this rule of construction is germane to the present controversy. As stated in Ryan's treatise on zoning law: "As with any rule of interpretation, the 'strict construction' rule is not a warrant to the courts to search for ambiguities which are not there. If the ordinance, fairly read, restricts the applicant, the restriction must be applied if valid."[2] We believe that the zoning ordinance is clear and unambiguous in that it authorizes, "Schools of a public school system and related school uses," in the R-180 Residential Districts.

---

2. Ryan, Pennsylvania Zoning Law and Practice, §4.2.5.

Burgoon, supra, is of no help. There the issue was whether an equestrian training center was an "educational use" within the meaning of the zoning ordinance. The court held that merely because the training center was a commercial entity did not disqualify it as an "educational use." In the instant case, however, appellant does not contend that it is a school, but maintains that because it conducts transportation services under contract to certain school districts, its private business operations are to be construed as a "related school use."

Further, the other cases cited by appellant provide little support for the proposition that commercial transportation activities, albeit under contract to a school district, are "related school uses" within the meaning of the zoning ordinance. Each case cited concerns uses similar to the one anticipated here, but in each instance the school district was to own and operate the proposed use, not private enterprise.

In issuing its decision, the board reached the following conclusions:

2. This board concludes that the term [related school use] clearly envisioned a use directly related to the operation of schools such as athletic fields, field houses, etc. when operated by the school and located on premises owned by it.

6. The board further concludes that the governing body, in adopting the ordinance, never intended that a private business operating a commercial motor vehicle storage and service area would be permitted to locate its operation in a residential zone. Such an interpretation, solely because this business provides as one of its services the transportation of school students, nullifies the obvious intent of the planners and zoners who intended, by the adoption of the ordinance, to segregate uses.

We do not believe that the board erred as a matter of law in concluding that appellant's proposed use of the land in question as a school bus terminal is not a permitted use in an R-180 Residential District.

Accordingly, we enter the following

## ORDER

And now, February 1, 1980, the appeal of Shultz Transportation Co. from the decision of the Zoning Hearing Board of Pequea Township is dismissed, and the decision of the Zoning Hearing Board denying the request of Shultz Transportation Co. for a favorable interpretation of the zoning ordinance or a special exception is affirmed.