ELIJAH W. BONNEMORT, executor, *vs.* GEORGE H. GILL
& others, appellants.

Norfolk.   December 7, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Petition to vacate Decree allowing Will — Rights of Representatives of deceased
Appellant.*

The contention that if, after appeal from a decree of the Probate Court admitting
to probate a last will, one of the appellants who have identical interests dies, the
court has no jurisdiction to go on and adjudicate upon the question whether the
alleged will shall be allowed without issuing a formal notice or citation to
the representatives of the deceased appellant, notwithstanding that they are
not residents of the Commonwealth, and that they have actual knowledge of
the pendency of the appeal, and do not desire to appear to prosecute it, cannot
be maintained.

PETITION, by John Gill, executor of the will of Mary E. Met-
calf, late of Orange, New Jersey, and her two minor children,
by their father as next friend, to vacate the decree allowing the
will of Howard Gill.   The plaintiff originally propounded the
will.   Hearing before *Allen*, J., who dismissed the petition, and
the petitioners appealed, and filed a bill of exceptions.   The facts
appear in the opinion.

*W. H. Baker*, for the petitioners.

*J. E. Cotter & C. F. Jenney*, for the executor.

KNOWLTON, J.   The children of Mary E. Metcalf are the sole
legatees and devisees under her will.   Mary E. Metcalf was one
of nine nephews and nieces of Howard Gill, who all appealed
from a decree of the Probate Court admitting to probate the
last will and testament of said Gill.   While their appeal was
pending in this court, she died, and afterwards, without the issu-
ing of any notice or citation to her minor children, who lived in
New Jersey, or to her executor, the case proceeded to trial upon
the appeal of the other eight appellants, whose interests were
identical with hers, and the will was proved and allowed in this
court.   John Gill, one of the present petitioners, was one of the
appellants, and on his personal account was a party to the pro-
ceedings until the final decree.   Before the trial he had been
appointed executor of the will of said Metcalf in New Jersey,

but he did not assume to represent her estate in the appellate proceedings here. Her will has never been proved in this Commonwealth. The petitioners asked the court to vacate the decree allowing the will of Howard Gill, and to permit them to try the appeal taken by said Metcalf in her lifetime, and they requested the court to rule that, upon these facts, they were entitled to try the appeal as if the decree allowing the will had not been made. Their exception to the refusal of the judge so to rule presents the only question in the case.

Their contention is, in substance, that, if one of several appellants in such a case dies, the court has no jurisdiction to go on and adjudicate upon the question whether the alleged will shall be allowed without issuing a formal notice or citation to the representatives of the deceased appellant, notwithstanding that they are not residents of the Commonwealth, and that they have actual knowledge of the pendency of the appeal, and do not desire to appear to prosecute it. The executor of the deceased appellant's will had as much authority to appear and ask to be admitted to prosecute this appeal before the trial as he has now. He knew all the facts, and it is not to be supposed that his efforts to prevent the allowance of the will at the trial would have been greater or more effectual if he had appeared in his representative capacity than they were while he was acting for himself. It can hardly be doubted that the father and next friend of the infant petitioners knew of the pendency of his wife's appeal at the time of her death, and was aware of the subsequent proceedings, in which her executor was personally a participant. If he had wished to have his children represented at the trial he had the same right then as now to appear as their next friend.

The contention of the petitioners is founded on a mistaken conception of the relations of the heirs of the deceased person to the question whether the instrument shall be allowed as his will. All his next of kin are interested in the question, but no one of them is a necessary party to the proceedings to determine it. The law does not require that a personal notice shall be given to any one of them. *Laughton* v. *Atkins*, 1 Pick. 535, 547. *Loring* v. *Steineman*, 1 Met. 204, 209. *Marcy* v. *Marcy*, 6 Met. 360, 368. *Crippen* v. *Dexter*, 13 Gray, 330, 333, 334. *Arnold* v. *Sabin*,

1 Cush. 525, 529, 530.   Under the rules of court, in ordinary practice, a general notice is given which is sufficient to justify final proceedings, even if in fact it fails to reach some of the persons interested.   If some of the heirs are infants, idiots, or insane persons, their disqualification does not deprive the court of its power to proceed without them.   *Parker* v. *Parker*, 11 Cush. 519, 524.   *Wells* v. *Child*, 12 Allen, 330.   *Schultz* v. *Schultz*, 10 Grat. 358.   The decree of the court admitting the will to probate is in the nature of a judgment *in rem*, which establishes the will against all the world.   Any person interested may make himself a party to the proceedings by applying to the proper tribunal, and he is forever bound by the decree, whether he is in fact a party or not.   *Crippen* v. *Dexter*, 13 Gray, 330, 332. *Brigham* v. *Fayerweather*, 140 Mass. 411.   *Bogardus* v. *Clark*, 4 Paige, 623, 626.   *Tompkins* v. *Tompkins*, 1 Story C. C. 547, 552, 558.   *Woodruff* v. *Taylor*, 20 Vt. 65.   *Wills* v. *Spraggins*, 3 Grat. 555.   *In re Storey*, 20 Ill. App. 183.

After an appeal is taken, as was done in this case, by several persons, the case is not like an ordinary adversary proceeding *inter partes* at common law, in which the original parties, or their representatives, must be before the court in order that a valid judgment may be rendered for or against them.   If one of the appellants dies, or withdraws his appeal, the case must go on to final adjudication notwithstanding his absence.   In case of his death, his legal representatives, if his interest survives, and if his death comes to the knowledge of the court, should be given an opportunity to come in and prosecute the appeal, but no formal notice or citation is absolutely necessary.   It is enough if the court is satisfied that they know of the appeal, and do not desire to prosecute it, or that their interests are in some way fully protected.   What justice requires in the way of notice or information is a question for the discretion of the court in each case. The probate of a will should not be unreasonably delayed on account of the death of an appellant who leaves no heir or representative within the Commonwealth.

This view is supported by analogies in other provisions of the statutes.   By Pub. Sts. c. 156, § 9, one who omits to claim or prosecute an appeal in a probate proceeding without default on his part, can be permitted to prosecute his appeal only when

justice requires a revision of the case.   So a court, upon petition, will exercise its inherent power to revise a decree only when justice clearly requires it.     *Waters* v. *Stickney,* 12 Allen, 1. *Gale* v. *Nickerson,* 144 Mass. 415.

*Exceptions overruled ; decree affirmed.*