In the Matter of Proving the Will of GEORGE W. HORTON, Deceased.

ALICE M. HORTON, Appellant; JANE A. DICKIE, Respondent.

(*Court of Appeals, March 7, 1916.*)

WILL—PROBATE OF WILL IN FOREIGN STATE—IF SUCH STATE DOES NOT RE-
QUIRE NOTICE TO PARTIES INTERESTED SUCH PROBATE IS BINDING UPON
SUCH PARTIES RESIDING IN THIS STATE.

  1. A proceeding to probate a will does not require service of process
upon all parties interested, even though non-residents, but is in the
nature of a proceeding *in rem* where such service may be dispensed with
by statute.

  2. If a Probate Court of another State otherwise has jurisdiction ·it
may make a decree admitting a will to probate which is binding upon
non-residents, even though notice has, by statute, been dispensed with
on the original probate, and such probate becomes conclusive in the
absence of contest within such period as is provided by the laws of that
State. ' It is error when a will is offered for probate in this State under
such circumstances to reject evidence of such probate proceedings. (Code
Civ. Pro., § 2629.)

  Matter of Horton, 169 App. Div. 292, reversed.

  (Submitted January 6, 1916; decided March 7, 1916.)

APPEAL from an order of the Appellate Division of the Su-
preme Court in the second judicial department, entered July
30, 1915, which affirmed a decree of the Westchester County
Surrogate's Court, admitting to probate the will of George W.
Horton, deceased.

The facts, so far as material, are stated in the opinion.

William H. Sommer for appellant. The exclusion by the
surrogate of the exemplified copy of the paper writing on file
in the office of the clerk of the Surrogate's Court of Lake county,
in the State of Ohio, and of the record of the proceedings of
said court had thereon, and of the letters testamentary issued
out of said court to the contestant herein, was error, by which

the contestant was necessarily prejudiced. (Burnham v. Pidcok, 58 App. Div. 273; Van Deventer v. Mortimer, 56 Misc. Rep. 650; Wigmore on Evidence, § 1680; Matter of Rubins, 128 App. Div. 626, 195 N. Y. 527; Matter of Anderson, 78 Misc. Rep. 713; Matter of Will of Merriam, 136 N. Y. 58; Garvey v. U. S. F. & G. Co., 77 App. Div. 391; Simmons v. Saul, 138 U. S. 439; Matter of Law, 56 App. Div. 454; Matter of Gaines, 84 Hun, 520; Matter of Barnes, 70 App. Div. 527; Matter of Nash, 37 Misc. Rep. 709; Matter of Williams, 34 Misc. Rep. 749.) Since the Ohio statute relative to the probate of wills does not require notice to non-resident heirs or next of kin, the failure to give such notice in no wise affected the competency of the evidence excluded. (People v. Wayne, 39 Mich. 198; Crippen v. Dexter, 79 Mass. 330; Carpenter v. Denoon, 29 Ohio St. 379; Matter of Crawford, 21 Ohio C. C. 544; Bonnemort v. Bill, 167 Mass. 339; Shoyer v. Richmond, 16 Ohio, 455; Dickey v. Vann, 81 Ala. 425.) It was the duty of the surrogate to give full faith and credit to the judgment of the Probate Court of Lake county, Ohio. (U. S. Const., art. 4, § 1; U. S. R. S., § 905; Mills v. Duryee, 11 U. S. [7 Cranch] 481; Buckner v. Finley, 27 U. S. [2 Pet.] 586; M'Elmoyle v. Cohen, 38 U. S. [13 Pet.] 312; Mitchell v. Lenox, 39 U. S. [14 Pet.] 49; Bank v. Dalton, 50 U. S. [9 How.] 522; Booth v. Clark, 58 U. S. [17 How.] 322; Hoyt v. Sheldon, 66 U. S. [1 Black] 518; Christmass v. Russell, 72 U. S. [5 Wall.] 475; Green v. Van Buskirk, 72 U. S. [5 Wall.] 307; Cheever v. Wilson, 76 U. S. [9 Wall.] 108; Crapo v. Kelly, 83 U. S. [16 Wall.] 610; Dupasseur v. Rochereau, 88 U. S. [21 Wall.] 130; Turnbull v. Payson, 95 U. S. [17 Otto] 418; Wisconsin v. Insurance Co., 127 U. S. 265; Cole v. Cunningham, 133 U. S. 107.) The production, under the stipulation, of an exemplified copy of the Ohio will and of a judgment and proceedings of the Probate Court of Lake county, in the State of Ohio, of which county the decedent was a resident and in which

he was domiciled at the time of his death, declaring the same
to be his last will and testament and admitting it to probate,
established the factum of the Ohio will    (Shipman v. Tread-
well, 208 N. Y. 410; Guggenheim v. Wahl, 203 N. Y. 390;
Rupp v. Tupp, 156 App. Div. 391; Crippen v. Dester, 79
Mass. 330; Lazier v. Westcott, 26 N. Y. 146.)

Henry G. K. Heath of respondent.    The records of the
Probate Court of Lake county, Ohio, were properly excluded.
(Matter of Hathaway, 4 Ohio St. 383; Matter of Jones, 2
Ohio N. P. 194; Barr v. Chesterman, 2 Ohio C. C. 441; Wads-
worth v. Purdy, 12 Ohio C. C. 8; Davis v. Davis, 11 Ohio St.
455; Matter of Kimball, 155 N. Y. 62; Olmstead v. Olmstead,
190 N. Y. 458; Matter of Law, 56 App. Div. 454; Matter of
Sands, 62 Misc. Rep. 146.)    Neither the Ohio Probate Court
records nor the exemplified copy of the Ohio will were com-
petent evidence of a revocation of the New York will.    (Matter
of Goldsticker, 192 N. Y. 35; Matter of Wear, 131 App. Div.
875; Matter of Williams, 34 Misc. Rep. 748.)

HISCOCK, J.— George W. Horton, the testator, died at
Chardon, in the State of Ohio, on September 14, 1913. He
left an instrument dated April 5, 1902, executed according to
the laws of this State as a will, in which he disposed of his
entire estate and appointed his daughter, Jane Ann Dickie, the
executrix thereof.    In this instrument he described himself
as a resident of City Island in this State.

After Horton's death this instrument was offered for probate
in the Surrogate's Court of Westchester county in this State,
where he had left assets, by the executrix thereof as his last
will and testament.    Such probate was contested by the appel-
lant, Alice M. Horton, from whose answer and objections it
appeared that she was married to the said Horton in Septem-
ber, 1912, and that on August 8, 1913, he executed at Paines-

ville, Ohio, another instrument purporting to be his last will
and testament whereby he revoked all former wills, gave all his
estate to the contestant, and made her his sole executrix; also
that on September 22, 1913, this instrument was admitted to
probate as his last will and testament by the Probate Court of
Lake county, Ohio.

In support of the allegations of her answer and in order to
prove that the instrument of 1902 was not the last will and
testament of the said testator, the contestant offered in evidence
a duly authenticated copy of the instrument of 1913, and of the
proceedings admitting it to probate in Ohio. These were ob-
jected to and excluded by the surrogate upon the grounds here-
after to be considered and which did not include any objections
to the form of the evidence. In connection with the offer of
this evidence it also appeared without dispute that under the
statutes of the State of Ohio governing the admission of wills to
probate and the decisions construing the same, notice of a pro-
ceeding for probate is not required to be served on any of the
parties interested except such as are residents in that State;
that no contest is permitted on behalf of those interested in
resisting the original probate (General Code of Ohio, §§ 10507,
10516; Matter of Hathaway, 4 Ohio St. 383; Matter of Jones,
2 Ohio N. P. 194; Barr v. Closterman, 3 Ohio C. C. 441,
affd., 27 Bull. 392); that the order admitting the will is *prima
facie* evidence only of its validity (Wadsworth v. Purdy, 12
Ohio C. C. [N. S.] 8), but if within two years no one appears
and contests its validity the probate will be forever binding,
except as to infants and others under disability. (R. S., §
10531.) It also fully appeared that in accordance with such
statutes no notice of said probate proceedings in Ohio was
given to the respondent, testator's daughter, and an infant
granddaughter, both of whom resided in this State and who
were his only heirs at law and next of kin.

In this condition of the proofs the surrogate rejected evi-

dence of the probate proceedings in Ohio, including the copy of the purported will involved therein, on the apparent ground that inasmuch as no notice had been given to the next of kin of the testator in this State said proceedings were without jurisdiction and void as to them and proved nothing. The view of lack of jurisdiction, but on a somewhat different ground, has been sustained by the Appellate Division and the question of its correctness is the only one presented on this appeal.

The Probate Court of Ohio was a court of limited jurisdiction, and unless it appears that it had jurisdiction to admit said will to probate its proceedings are void as claimed, and derive no benefit from the "full faith and credit" provision of the Constitution. Assuming at this point of the discussion that the testator was such a resident of Ohio at the time of his death as to furnish the Probate Court of that State with that element of jurisdiction, the question is presented whether a proceeding to probate a will is one which requires service of process upon all parties interested, even though non-residents, or is one in the nature of a proceeding *in rem* where such service may be dispensed with.

We regard it as well established that the latter is the case and that if the Probate Court otherwise has jurisdiction it may make a decree admitting a will to probate which is binding upon non-residents even though notice has been dispensed with on the original probate, and such probate becomes conclusive in the absence of contest within a given period as provided by the laws of Ohio now before us. (Vanderpoel v. Van Valkenburgh, 6 N. Y. 190, 198; Matter of Law, 56 App. Div. 454, 458; Matter of Goldsticker, 192 N. Y. 35, 39; Woodruff v. Taylor, 20 Vt. 65, 73; Crippen v. Dexter, 13 Gray [Mass.], 330; Bonnemort v. Gill, 167 Mass. 338, 340; Robertson v. Pickrell, 109 U. S. 608; Overby v. Gordon, 177 U. S. 214; Tilt v. Kelsey, 207 U. S. 43; Christianson v. King Co., 239 U. S. 356.)

The law upon this general subject is well stated in Woodruff v. Taylor (20 Vt. 65, 73), where the court, after describing the procedure necessary in order to obtain jurisdiction *in personam,* says: "A judgment *in rem* is founded on a proceeding instituted, not against the person, as such, but against or upon the thing or subject-matter itself, whose state, or condition, is to be determined. It is a proceeding to determine the state, or condition, of the thing itself; and the judgment is a solemn declaration upon the status of the thing, and it *ipso facto* renders it what it declares it to be. The probate of a will I conceive to be a familiar instance of a proceeding *in rem* in this State. The proceeding is, in form and substance, upon the will itself. No process is issued against any one; but all persons interested in determining the state, or condition, of the instrument are constructively notified, by a newspaper publication, to appear and contest the probate; and the judgment is, not that this or that person shall pay a sum of money, or do any particular act, but that the instrument is, or is not, the will of the testator. It determines the status of the subject-matter of the proceeding. The judgment is upon the thing itself; and when the proper steps required by law are taken, the judgment is conclusive, and makes the instrument, as to all the world (at least so far as the property of the testator within this State is concerned) just what the judgment declares it to be."

Again in Crippen v. Dexter (13 Gray, 330), a will probated in Connecticut was offered for probate in Massachusetts, and a son of the testator objected to evidence of the decree allowing the Connecticut probate on the ground, among others, that he had not had notice of the Connecticut proceedings. In overruling the objection, Chief Justice Shaw said: " The judgment of a probate court, allowing proof of a will, and admitting it to probate, is to some extent like a proceeding *in rem,* binding upon the rights of all persons interested in the property to be administered, though they are not named as parties. * * *

As to all those facts which are necessary to the establishment of a will, in whichever form the case is entertained, and as to the regularity of the proceedings and their conformity to the law of the State or country where they are had, the judgment itself must be held conclusive; it is required by the rule of the Constitution of the United States, which requires that the acts and judicial proceedings in one State shall be respected in the courts and tribunals of the others; and by the rule of the common law; giving effect to judgments of other States, where they have a peculiar jurisdiction in case of proceedings *in rem,* and have custody of the subject-matter.   *   *   *   In the present case, most of the objections taken by the appellant are not open to him here.    The one most relied on, and which at first seemed to require serious consideration, was that no notice was given by the probate court of Connecticut of the time and place for the proof of this will.    But it being found that by the law of Connecticut no formal notice is required, the legal ground of opposition is removed, because it would not invalidate the probate of the will there.    If it be objected that such a law itself is unreasonable and ought not to be sanctioned elsewhere, it becomes a question whether such theoretic defect in the general law is likely, practically, to work injustice.    A man dying, having property, usually dies within the knowledge of his kindred; the death itself is a fact of some notoriety in his neighborhood, and through the circle of his associates; proceedings for the settlement of his estate of necessity soon follow, and may be easily known to those most interested, so that actual knowledge of the proceedings will be had."

In Bonnemort v. Gill (167 Mass. 338, 340), it is said: " The decree of the court admitting the will to probate is in the nature of a judgment *in rem,* which establishes the will against all the world.    Any person interested may make himself a party to the proceedings by applying to the proper tribunal, and he is forever bound by the decree, whether he is in fact a party or

not." (See also upon this point Johnes v. Jackson, 67 Conn. 81, 90.)

In addition to the general rules of law established by the authorities as applicable to this subject, the State of New York has elected to give effect by statutory enactment to a decree of another State admitting a will of personal property to probate. (Code of Civ. Pro., §§ 2629 et seq.)

It would, therefore, appear that if the Ohio Probate Court had jurisdiction otherwise to make its decree and no proceeding for a contest has been instituted as provided, the will so admitted to probate is effective to revoke the earlier New York will as a will of personal property, even though respondents had no notice of the probate proceedings. It not appearing that the decedent left any real estate in New York we do not pass on the question whether said Ohio decree and will would effect a revocation of the New York will as a will of real estate.

The respondents assign various reasons other than the one of lack of service of process upon them why the Ohio decree and the will thereby appearing to be established are not binding and were properly excluded. The only one of these which it is necessary to consider is the one adopted by the Appellate Division which in its opinion said: "The respondent, against the appellant's assertion, contends that the decree of the Ohio court did not bar inquiry into the domicile of the decedent; that it was not even competent evidence of the fact of domicile, as neither the proponent, nor the heirs at law, nor the next of kin, were parties to the proceeding in which the decree was made; that the surrogate of Westchester county had the power to decide that the decedent was a resident within his jurisdiction; and, if he so decided, that he had jurisdiction of the probate of the decedent's will. Sustained by authority, we approve this contention and affirm the decree, with costs. (Overby v. Gordon, 177 U. S. 214; Tilt v. Kelsey, 207 U. S. 43.)"

There is no doubt of the proposition that in order to make a

valid decree the Ohio court must have had jurisdiction to enter-
tain the proceedings and to which jurisdiction it is assumed that
the domicile of the testator in Ohio at the time of his death was
an essential element.    Nor is there any doubt of the further
proposition that the decision by the Ohio court of this juris-
dictional fact in favor of its proceedings was not conclusive
upon these respondents who were not parties thereto but could
have been contested in the Surrogate's Court in this State when
the decree was offered in evidence.    (Tilt v. Kelsey, 207 U. S.
43.)    But I think the answer to the attempt to sustain the
rulings and decree appealed from on this ground is that no such
question in respect of the jurisdiction of the Ohio court was
fairly raised at the hearing; that the opposition of the re-
spondents to the admission of the decree was so centered upon
and limited to the proposition that evidence of the decree was
not admissible because they were not parties thereto and that
without its admission there was no evidence of the execution
of the alleged later Ohio will, that it was fairly calculated to
lead the appellant into the belief and understanding that that
was the only jurisdictional obstacle which she was required to
surmount.    The Ohio will recited that the testator was a resi-
dent of that State when it was executed and the surrogate has
found that he died there, and in view of these facts and of the
contentions which were made by the respondents the appellant
was entitled to draw the inference that the necessary domicile
of the testator in Ohio was assumed and not a subject of con-
troversy.

Tilt v. Kelsey, cited by respondents, seems pertinent.    In
that case the courts of New Jersey had probated a will and dis-
tributed the estate.    Subsequently thereto, the New York courts
sustained an assessment of a transfer tax upon the estate, al-
though the New Jersey proceedings were set forth and not im-
peached on any jurisdictional ground.    This court held that
the proceedings in New Jersey were of no avail to prevent the

assessment of the tax.   This holding was reversed by the United States Supreme Court, where it was held that the New Jersey records were conclusive, and that the decree of distribution was effective to relieve the estate of any further obligation. The Federal court held that even though the comptroller of this State who represented the State in transfer tax matters, was not notified of the New Jersey proceedings for probate and distribution, they being in the nature of proceedings *in rem,* the decrees were binding and conclusive in the absence of any attack upon jurisdictional grounds, and the court said:  " When, however, full faith and credit is demanded for a judgment in the courts of other States, an inquiry into the jurisdiction is always permitted, and if it be shown that the proceedings relied upon were without the jurisdiction of the court, they need not be respected. * * * The defendant in error, acting upon this well-settled rule, might have attacked the jurisdiction of the New Jersey courts, and thus brought forward for consideration many important questions which, in the view we take of the case, need not even be stated.   But there was no attempt, except in argument here, to deny the right of the New Jersey court to act upon the paper writing purporting to dispose of the estate of Tilt, and by admitting it to probate to convert it into an operative will.   It is true that, as a basis of assessing transfer taxes, it was proved that Tilt was a resident of New York at the time of his death, a fact which would be relevant to the question of jurisdiction.   But that fact was not proved or used for the purpose of invalidating the proceedings taken in probating the will and administering the estate." (Page 59.)

I think that error was committed in excluding the evidence and that the order appealed from should be reversed and the proceedings remitted to the Surrogate's Court for a rehearing, with costs to the appellant payable out of the estate.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Order reversed, etc.