THOMAS C. RAYMOND & others v. THORLIEF S. COOKE.

Middlesex.   November 15, 16, 1916. — March 10, 1917.

Present: RUGG, C. J., LORING, CROSBY, & CARROLL, JJ.

*Probate Court,* Petition to revoke decree.  *Adoption.  Evidence,* Pleadings in other cases.

The heirs at law and next of kin of a widow, who left a document purporting to be a will that has been presented for probate but has not yet been allowed, may maintain a petition in the Probate Court to revoke a decree of that court by which the decedent when seventy-one years of age had adopted a man of less than half her age as her son, alleging that the decree of adoption was procured by the exercise of undue influence upon the weak mind of the widow and by a fraudulent concealment of the facts from the Probate Court.

In the case above described it appeared that the adopted son had been employed as an attendant upon the widow's husband, who had died less than two months before the adoption, that the widow was infatuated with him, that, although she previously had been an economical woman, she gave him presents of great value, including a motor car for which she paid $2,500, lived alone with him, travelled with him in Europe, spoke of him in extravagant terms and discussed with him the subject of marriage.  It further appeared that the adopted son, before the adoption, said that he would get the widow "under his thumb," and that shortly after the adoption the widow said that she had to "adopt him or marry him or he would leave, and I cannot be left alone."  *Held,* that it was right for the justice who heard the case to refuse to rule that on the evidence it could not be found that the adoption was procured by the undue influence of the adopted son.

In the same case it was *held* that the respondent's answer to a bill for instructions filed by the executor of the will of the widow and the respondent's declaration in an action at law brought by him against the executor on an alleged promise of the testatrix to leave him all her property were admissible in evidence to show the claims made by the respondent against the estate of the widow.

PETITION, filed in the Probate Court for the county of Middlesex on November 7, 1912, by the heirs at law and next of kin of Mary Jane Cooke, late of Cambridge, who died on September 11, 1912, to revoke a decree of that court made on July 9, 1909, whereby one Thorlief Sverre Pedersen was declared to be the child by adoption of Mary Jane Cooke under the name of Thorlief Sverre Cooke, on the ground that such decree of adoption was procured by undue influence and domination of Thorlief

Sverre Pedersen over Mary Jane Cooke, who was then of weak mind, and by his fraudulently concealing the facts from the Probate Court.

The Probate Court made a decree granting the petition and revoking the decree of adoption of July 9, 1909; and the respondent, Thorlief Sverre Cooke, appealed.

The appeal was heard by *De Courcy,* J. The facts as found by him are stated in the opinion. At the close of the evidence the respondent made eleven requests for rulings. The second and ninth rulings requested were as follows:

"2. The petitioners have no right to maintain this petition."

"9. On all the evidence in this case the court is not entitled to find that the adoption was procured by the undue influence of Thorlief Cooke."

The justice refused to make either of these rulings. The first ruling requested (not quoted above) he made "if material." The third, fourth, fifth, sixth, seventh, eighth and tenth he refused to make as calling for rulings on isolated facts. The eleventh he refused to make as contrary to the facts shown. The justice also said, "To avoid misapprehension I may state that I have acted on the assumption that the law is as stated in Nos. 7 and 10." The seventh and tenth rulings requested were as follows:

"7. Thorlief Cooke had the right to be kind and affectionate to Mary Jane Cooke and to treat her with consideration and to care for her to the best of his ability, and if the exercise of such rights alone influenced Mary Jane Cooke to love him and to adopt him as her son a finding of undue influence is not warranted."

"10. The motives or reasons Mary Jane Cooke had for making the adoption cannot be made the ground of revoking the decree even if such motives or reasons were bad, provided such motives and reasons were her own and not in reality those of Thorlief Cooke."

Thomas J. Emery was named as executor and as trustee in the will of Mary Jane Cooke. The declaration and answer in an action by Thorlief S. Cooke against Thomas J. Emery, and a bill for instructions by Thomas J. Emery, executor, and the answer thereto of Thorlief S. Cooke were admitted in evidence so far as material.

The justice ordered that a decree be entered affirming the de-

cree of the Probate Court revoking the adoption and remanding the case to that court. The respondent alleged exceptions.

G. W. Cox, (G. W. Estabrook with him,) for the respondent.

F. Ranney, (D. P. Ranney with him,) for the petitioners.

CARROLL, J. This is a petition to revoke a decree of the Probate Court of July 9, 1909, by which the respondent was adopted by Mary J. Cooke, who died September 11, 1912. In the Probate Court the decree of adoption was revoked, and the respondent appealed. In the Supreme Judicial Court a decree was ordered affirming the decree of the Probate Court revoking the adoption. The case is before us on the respondent's exceptions.

The respondent argues that the petitioners, who are the heirs at law and next of kin of Mrs. Cooke, have no right or standing to maintain this petition. The petition was filed November 7, 1912, and states that Mrs. Cooke was of weak mind and unduly influenced by the respondent, who concealed these facts, and that the adoption was obtained by fraud practised on the court. At the time of the filing of the petition the will of Mrs. Cooke had not been allowed. The respondent contested its allowance, claiming it had been revoked by his adoption. It was finally allowed in this court May 12, 1913.

In May, 1914, the executor of the will brought a bill for instructions in the Probate Court, alleging that Thorlief S. Cooke, the respondent, claimed the whole estate as the adopted son because "insufficiently mentioned in the will as a son." He made answer claiming the whole estate on this ground. The bill for instructions is still pending.

In April, 1915, Thorlief S. Cooke, brought an action against the executor of the will of Mary J. Cooke, claiming that in consideration of his being adopted, she agreed to leave him all her property. This action also is still pending.

The petitioners are the heirs at law and next of kin of Mrs. Cooke. They allege that fraud was practised on the Probate Court. When this petition was filed, Mrs. Cooke's will had not been allowed. They were interested in her estate, and as such heirs and next of kin, it was to their interest to resist the claims set up by the respondent. The petitioners therefore have an undoubted right to maintain this petition. *Tucker* v. *Fiske*, 154 Mass. 574. *Phillips* v. *Chase*, 203 Mass. 556.

At the time of the adoption the respondent was thirty-one years of age and Mrs. Cooke was seventy-one. He had been married in Norway, and had had a child who died; before coming to America in 1908, he had brought proceedings for divorce. In 1908, he entered the Cookes' home as an attendant to Mr. Cooke, who died May 22, 1909. After the death of Mr. Cooke, the respondent continued in the house with Mrs. Cooke. Without attempting to state the evidence in detail, it is apparent that she was infatuated with him; she had been an economical woman, but after he came to the house she gave him presents, consisting of a diamond ring, diamond cuff buttons and pin, gold watch and chain, and a fur lined overcoat; she bought him a motor car for which she paid $2,500, although she complained that it was not pleasant for her to ride in it, and constructed a garage costing between $700 and $800. She lived alone with him; they went to Europe where they travelled together; she spoke of him in extravagant terms; they discussed the subject of marriage. Within two months after the death of her husband, a decree of adoption was procured without informing any of her relatives or friends of her intention. He stated he would get Mrs. Cooke "under his thumb," and a short time after the adoption Mrs. Cooke said she had to "adopt him or marry him or he would leave, and I cannot be left alone."

The question of undue influence has been frequently discussed. It was considered in *Emery* v. *Emery*, 222 Mass. 439, and as there stated, at page 441, "It may be produced by unceasing importunity or by the silent yet resistless power which a strong will exerts over a less forceful and resolute individuality." There was evidence direct and circumstantial to sustain the conclusion of the single justice. The ninth request, that on all the evidence the court could not find that the adoption was procured by undue influence of the respondent, was properly refused. The single justice acted on the assumption that the seventh and tenth requests of the respondent were correct statements of law. There was no error of law in his refusal to grant the fourth, fifth and sixth requests: they were founded on detached portions of the evidence and were contrary to the facts as found by the court. *Means* v. *Cotton*, 225 Mass. 313, and cases cited.

The respondent contends that neither his answer to the ex-

ecutor's bill for instructions nor his declaration in the action at law, was admissible. They both were admissible as showing the claims made by him against the estate of Mrs. Cooke. *Peck* v. *New England Telephone & Telegraph Co.* 225 Mass. 464.

We see no error of law in the rulings made by the single justice.

*Exceptions overruled.*