FREDERICK S. FULLER & another, executors, vs. CHARLES A. SYLVIA & others.

Bristol. ·October 24, 1922. — November 28, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court*, Jurisdiction, Issues for the jury.  *Will*, Validity.

In a petition for the probate of the will of one who died domiciled in New Bedford, twenty-four next of kin were named, of whom eight were alleged to reside in this Commonwealth, one in the State of Rhode Island, five in the Azores, and ten in the State of California. A citation was issued, which was returnable sixteen days after the date of the filing of the petition and was ordered to be published in a New Bedford newspaper and by mailing or delivering copy to all known persons interested in the estate. The return showed service by publication and mailing. *Held*, that, even though none of the heirs at law resident outside of this Commonwealth appeared and even though they in truth may have been unaware of the proceeding, nevertheless the general notice was sufficient to give the court jurisdiction of the petition and to justify a final decree.

The settlement of estates of deceased residents of this Commonwealth ought to go forward to a conclusion as speedily as is reasonably possible.

Upon the return day of the citation upon the petition above described, ·the only appearance of a contestant was by a resident of New Bedford, who moved for jury issues. His motion was denied and he appealed. Before his appeal was heard in this court, appearances as contestants were entered by one of the next of kin who was a resident of Providence in the State of Rhode Island and for next of kin residing in the Azores, who also filed a motion for jury issues. At the hearing by this court of the appeal already filed, the appellant moved for a continuance in order that the motion of the later contestants might be heard before disposition of the pending appeal. The motion was denied and a rescript was issued affirming the decree denying the first motion for jury issues. The second motion for jury issues then was heard in the Probate Court, it being agreed that the judge might consider and compare the statements of evidence made at the hearing of the two motions, and the motion was denied. The second group of contestants appealed. *Held*, that

(1) Only extraordinary circumstances would justify a framing of issues on the second motion after the affirmation of the decree denying the first motion;

(2) No such extraordinary circumstances appeared.

PETITION, filed in the Probate Court on December 1, 1920, for proof and allowance of the will of Antone Lial Sylvia, late of New Bedford.

The petition for proof and allowance of the will stated the names of twenty-four alleged next of kin of the decedent resid-

ing, respectively, in New Bedford, Fall River and Dartmouth in this Commonwealth and in the States of Rhode Island and California and in the Azores. Among those thus named were Manuel L. Sylvia of Fall River, Charles A. Sylvia of Providence in the State of Rhode Island, and Maria R. Sylvia, Rosa F. Sylvia, Manuel Pintura, Annie L. Sylvia and Mary L. Sylvia, all of St. George in the Azores.

The will contained forty-three paragraphs. Fifteen paragraphs contained legacies to persons named or directly designated as connected with the alleged testator's family, some of whom were contesting the allowance of the will. Nine paragraphs contained provisions for ecclesiastical organizations and two for social organizations. Eight paragraphs contained provisions for persons named Frazier, there being legacies to Mary Frazier, a daughter of John W. Frazier, named in the instrument as a stepson of the decedent, to his wife Mary, to his son, Joseph Anthony Frazier, and to the son's wife and son, none of whom were named in the petition for proof and allowance of the will as next of kin of the decedent; and they were beneficiaries under a trust established by the forty-first paragraph. By the fortieth paragraph, "Mary F. Frazier, daughter of my stepson, John W. Frazier," was given the decedent's "house and land at 89 South Sixth Street."

A citation was issued, returnable on December 17, 1920, and ordering service by publication in a certain New Bedford newspaper and by mailing or delivering a copy of the citation "to all known persons interested in the estate." On December 17, 1920, Manuel L. Sylvia of Fall River entered an appearance as a contestant. On January 10, 1921, he filed a motion for jury issues, which was heard by *Hopkins, J.,* on that day and by order of the judge a decree was entered, denying the motion, from which Manuel L. Sylvia appealed.

On October 19, 1921, an appearance as contestants was entered on behalf of Charles A. Sylvia of Providence in the State of Rhode Island and of Maria R. Sylvia, Rosa F. Sylvia, Manuel Pintura, Annie L. Sylvia and Mary L. Sylvia, being all of those named in the petition for probate as next of kin residing in the Azores, and on the same day a motion for jury issues was filed in their behalf.

On October 24, 1921, the appeal of Manuel L. Sylvia was argued before this court, the appellant then moving for a continuance in order to permit other contestants to present kindred motions for jury issues.

On November 21, 1921, this court denied the motions for a continuance and a rescript issued affirming the decree of the Probate Court denying the motion of Manuel L. Sylvia for jury issues.

The motion for jury issues presented by Charles A. Sylvia and the Azores next of kin was heard by *Hitch*, J., on March 8, 1922, a stenographer being appointed under G. L. c. 215, § 18.

On April 27, 1922, by order of the judge, the following decree was entered:

"On the motion of Charles A. Sylvia, of Providence in the State of Rhode Island, Maria R. Sylvia, Rosa F. Sylvia, Manuel Pintura, Annie L. Sylvia and Mary L. Sylvia, residing in the Azores Islands, certain heirs at law of Antone Lial Sylvia, late of New Bedford, in said County, deceased, who object to the proof of his last will and testament, requesting the Court to direct issues of fact in said matter to be tried by a jury in the Superior Court, after hearing counsel and statements by them, and it appearing

"That there has been a motion for jury issues in this matter by Manuel L. Sylvia, of Fall River in said County, heard by *Hopkins*, J., and denied by him on January 10, 1921, and appealed to the Supreme Judicial Court and the decree of the Probate Court affirmed;

"That the parties offering this motion entered their appearances and filed their motion for jury issues October 19, 1921;

"That said Charles A. Sylvia was duly served with notice of the petition for the probate of the will, was undoubtedly familiar with all the proceedings and did not elect to object to the will or request jury issues, except as aforesaid, and therefore has no standing at this time, as a matter of right, to maintain this motion;

"That the other moving parties, residents of the Azores, were served with notice as ordered on the petition for the probate of the will, and must have known of the proceedings relative thereto shortly after the return day of the citation, but did not appear and file this motion until the following October as aforesaid;

"That the residents of the Azores have nothing themselves to contribute in the way of evidence on the issues requested. Their interests were identical with Manuel L. Sylvia, the former petitioner for jury issues, and were fairly represented by him and Joseph S. Neves, Esquire, his attorney, at the time of the hearing on the first motion for jury issues;

"That there has already been a delay of over a year in deciding the question of the will, and the rights of other parties to have a speedy settlement of the controversy should be considered as well as the interests of the proponents of the motion. It is not conducive to the prompt settlement of estates that there should be successive motions for jury issues and they should not be favored unless a more decisive reason exists therefor than is here disclosed.

"Under all the circumstances and considering and comparing the statements of evidence made at the prior hearing and this hearing, which was agreed by counsel might be done, the motion is hereby denied."

Charles A. Sylvia and the Azores next of kin appealed.

*A. M. Beale,* (*J. S. Neves* with him,) for the contestants.

*J. T. Kenney,* (*E. L. Marchant* with him,) for the executors.

RUGG, C.J. This petition for the allowance of the will of Antone L. Sylvia, late of New Bedford, was filed on December 1, 1920. The petition sets forth twenty-four heirs at law of the deceased of whom eight are alleged to reside in this Commonwealth, one in the State of Rhode Island, five in the Azores, and ten in the State of California. The town of residence of each is given. Citation on the petition was made returnable on December 17, 1920, and ordered to be published in a New Bedford newspaper and by mailing or delivering copy to all known persons interested in the estate. The return showed service by publication and mailing. Some of the heirs at law resident in Massachusetts appeared seasonably and opposed the allowance of the will. Even though none of the heirs at law resident outside of this Commonwealth appeared and even though they in truth may have been unaware of the proceeding, nevertheless the general notice was sufficient to give the court jurisdiction of the petition and to justify a final decree. *Bonnemort* v. *Gill,* 167 Mass. 338. *Wright* v. *Macomber,* 239 Mass. 98, 102. Motion was made by certain of the contestants, who appeared seasonably, that issues

be framed for trial by jury. That motion was denied by the Probate Court. That decision was upheld in *Fuller* v. *Sylvia,* 240 Mass. 49, which was argued in October, 1921, and decided the following month. The heir at law resident in Rhode Island and those in the Azores filed an appearance in October, 1921, and in their own behalf requested that issues be framed for a jury trial.

The settlement of estates of deceased residents of this Commonwealth ought to go forward to a conclusion as speedily as is reasonably possible. That is of public concern in the interest of creditors, of those entitled to share in the estate and of the Commonwealth as possibly entitled to inheritance taxes. Every practical consideration is against delay. *Riddell* v. *Fuhrman,* 233 Mass. 69, 71.

In the case at bar the question whether issues should be framed for trial by jury was presented in behalf of an heir who seasonably appeared to contest the will. It was decided adversely to the contestant. Most extraordinary circumstances would be required to justify the framing of issues at a later time at the request of other contestants. The case at bar falls far short of showing sound ground for the granting of such issues. The judge of the Probate Court dealt rightly with the matter.

*Decree denying motion affirmed.*