SAMUEL DONNELL *vs.* WILLIS C. GOSS, executor.

Middlesex.   November 6, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court,* Notice, Jurisdiction, Decree, Findings by judge.  *Fraud. Notice.  Will.*

At the hearing of a petition in a probate court for revocation of a decree previously entered allowing a certain instrument as the will of a woman, it was found that the petition for probate specified four second cousins of the deceased as her heirs at law and next of kin; that service of the citation had been made by mailing and by publication in a newspaper in the town where the deceased had lived; that she in fact had seven second cousins; that the present petitioner, who lived in another town, was her first cousin and sole heir; that no service of the citation in the petition for probate had been made upon him by mailing or delivery; that he had had no actual notice of that petition until after its allowance; that the petitioner in the petition for probate had had no reason to believe that the deceased did not have sufficient capacity to make a will; and that that petitioner had not perpetrated a fraud upon the court.  The present petition did not allege that the petitioner's name was omitted from the previous petition with intent to perpetrate a fraud on the court. The present petition was dismissed.  *Held,* that
    (1) No fraud appeared to have been practised upon the Probate Court in the matter of the first petition;
    (2) The newspaper publication of the citation on that petition was sufficient to permit the entry of the decree allowing the will;
    (3) The court had jurisdiction of the previous petition;
    (4) In the absence of fraud in omitting the present petitioner's name from the previous petition, the circumstances, that he was not named therein and that he had no actual notice thereof, were not sufficient to warrant a decree revoking the previous decree.
Findings, by a judge of probate upon oral evidence taken by a stenographer appointed under G. L. c. 215, § 18, at the hearing of a petition to revoke a decree previously entered allowing a certain instrument

as the will of a woman, that she was of sound mind and competent to make a will; that the executor thereof had no reason to believe that she was not possessed of sufficient capacity to make a will; and that he had not perpetrated a fraud upon the court in procuring the allowance of the will, could not be disturbed since they were not plainly wrong.

PETITION, filed in the Probate Court for the county of Middlesex on November 25, 1927, seeking revocation of a decree previously entered allowing a certain instrument as the will of Susan P. Harrold, late of Melrose.

The petition was heard by *Harris*, J., a stenographer having been appointed under G. L. c. 215, § 18, and was dismissed. The petitioner appealed. Material facts found by the judge under G. L. c. 215, § 11, are stated in the opinion.

The case previously was before this court upon an appeal by the petitioner from a decree dismissing his appeal on the ground that it had not been prosecuted seasonably. By a decision reported in 267 Mass. 444, the decree dismissing the appeal was reversed.

*S. H. Donnell*, for the petitioner.

*S. Maylor*, for the respondent.

CARROLL, J. This is an appeal from a decree of the Probate Court for Middlesex County of December 19, 1928, dismissing the petition of Samuel Donnell for the revocation of the decree of the Probate Court of November 3, 1927, allowing the will of Susan P. Harrold.

The petition for the revocation of the decree of November 3, 1927, alleges that the petitioner is the sole next of kin and heir at law of Susan P. Harrold; that he was not named in the petition for the probate of her alleged will and received no notice by mail of any citation, and received no actual notice of the filing of the will for probate or the decree allowing it until after the decree had been signed; that the petitioner was the first cousin of the deceased; that the only ones named in the petition for probate were four second cousins; that there were in fact seven second cousins; that the executor of the Harrold will knew that Samuel Donnell was alive before filing the petition for probate; that he "was a nearer degree of relationship to the deceased than his sons who

were named in said petition"; that Susan P. Harrold was not of sound mind when her will dated June 9, 1925, was executed; that this fact was known to the executor, and fraud in fact was perpetrated on the Probate Court by the failure of the executor to disclose the foregoing and other material facts.

The judge found that the petition for the allowance of the will was unopposed; that the citation was in the usual form in general use in the Probate Court; that proof of service was made by an affidavit that the citation had been served by publishing and mailing; that the heirs at law and next of kin as set forth in the petition consisted of four second cousins, two of whom were sons of Samuel Donnell, the petitioner in the present case, living in Peabody in which city the petitioner lives; that in fact the testatrix had seven second cousins; that both of the sons received a copy of the citation; that Samuel Donnell was a first cousin and sole heir of the deceased; that no service was made on him of the citation either by delivery or mailing and he had no actual notice of the will or its allowance until after the entry of the decree admitting it to probate; that "the only service of the citation on him was by its publication in a newspaper in Melrose where the deceased last dwelt." He also found that one of Samuel's sons "endeavored to make it clear to the respondent [the executor of the will] that his father, Samuel Donnell, was still alive and residing in Peabody, but that, if the respondent heard what was told him, he failed to remember it when he told his counsel the names of the heirs and next of kin of Susan Harrold, and relied on the statements she made to him on that matter." The judge further found that the petition did not allege that the petitioner's name was omitted in order to perpetrate a fraud on the court, "and the fact that the names of his two sons were mentioned and notice sent to them is significant of the absence of such intent." There were also findings that the testatrix was of sound and disposing mind and memory and competent to make a will; that the executor had no reason to believe she did not have sufficient mentality to make a

will, "and that he did not perpetrate a fraud upon the court."

There was no fraud practised on the Probate Court. The publication of the citation in the Melrose newspaper and the mailing of a copy of the citation to the heirs at law and next of kin mentioned in the petition were as directed by the court. The publication of the citation in the newspaper was notice to all who were interested in the estate of the testatrix, and was sufficient to support the decree allowing the will, even if the petitioner was not mentioned in the original petition and no copy of the notice was mailed to or received by him and he had no notice of the probate proceedings to establish the will. *Renwick* v. *Macomber*, 233 Mass. 530. *Wright* v. *Macomber*, 239 Mass. 98. *Fuller* v. *Sylvia*, 243 Mass. 156. In *Bonnemort* v. *Gill*, 167 Mass. 338, in the course of the opinion at page 340, Knowlton, J. said: "Under the rules of court, in ordinary practice, a general notice is given which is sufficient to justify final proceedings, even if in fact it fails to reach some of the persons interested . . . The decree of the court admitting the will to probate is in the nature of a judgment *in rem*" establishing the will against all the world, even if the parties interested received no notice. There was no fraud in omitting the name of Samuel Donnell from the petition. If, through ignorance or forgetfulness, he was not named, the court had jurisdiction and the decree allowing the will cannot be revoked because he was not mentioned and had no notice of the probate proceedings. We consider this question settled by the cases cited.

In *Sullivan* v. *Sullivan*, 266 Mass. 228, relied on by the appellant, the rule was recognized; but it was decided that there was an exception to the rule where a final decree is entered on default through the negligence or mistake of counsel. There the case was heard *ex parte*. No appearance was entered for the defendant because of her attorney's mistake. That case is not in conflict. Here the decree allowing the will was not entered upon default through the negligence or mistake of counsel. There was no error in

the original decree; it did not result from fraud practised on the court, and the Probate Court of Middlesex County had jurisdiction to allow the will. *Harris* v. *Starkey,* 176 Mass. 445, *Jones* v. *Jones,* 223 Mass. 540, *Raymond* v. *Cooke,* 226 Mass. 326, are not applicable on the facts.

So far as the finding by the judge of probate upon the conflicting evidence, that the testatrix was of sound and disposing mind and memory and competent to make a will, that the executor had no reason to believe that she did not have sufficient mentality to make a will and that he did not perpetrate any fraud upon the court in that regard, related to issues properly before him, it cannot be said that his findings were clearly wrong, and they therefore will not be disturbed. *Ball* v. *Hopkins,* 268 Mass. 260, 265, and cases cited.

*Decree affirmed.*