ROBERT J. McENDY & another *vs.* EDMUND McENDY, executor.

Worcester.     September 25, 1945. — December 20, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Probate Court,* Revocation of decree. *Soldiers' and Sailors' Civil Relief Act. Military Law.*

No ground for allowance of a petition by certain next of kin for vacation of a decree allowing a will appeared where the judge hearing the case made no ultimate finding of the facts averred as the basis for the petition and his subsidiary findings did not require such an ultimate finding, but related principally to a grievance which might have been, but was not, put forward by another next of kin.

A Probate Court acting sua sponte had no power under § 201 of the soldiers' and sailors' relief act of 1940 to revoke a decree allowing a will on the ground that one of the decedent's heirs and next of kin had been omitted from the petition for probate, was a member of the armed forces, and, because the military affidavit filed in connection with that petition stated that no interested person was in the military service, had not been represented in the proceeding for probate.

PETITION, filed in the Probate Court for the county of Worcester on February 15, 1945, for revocation of a decree allowing a will.

. The case was heard by *Atwood,* J., and the following decree was entered: "On the petition of Robert J. McEndy and John D. Wall . . . praying that the decree of said court dated January 9, 1945, wherein Edmund McEndy was appointed executor of the will of Kate Casavant, deceased, be revoked; . . . it appearing to the court that Francis McEndy is a grandnephew and next of kin of said deceased . . . and is and has been since the death of said deceased in the military service of the United States and overseas. It is decreed, after hearing, that said decree dated January 9, 1945, be and it is hereby vacated."

*A. E. Seagrave,* for the respondent.

No argument nor brief for the petitioners.

WILKINS, J. The will of Kate Casavant was allowed on the return day by a decree dated January 9, 1945, after service of the citation by publication and mailing, upon a petition listing various nephews and nieces, including Robert McEndy and John D. Wall, as heirs at law and next of kin. The present petition to revoke the decree, filed by McEndy and Wall, alleged unsoundness of mind and undue influence, and set forth that the petitioners had "failed through inadvertence and mistake to appear and object." On April 10, 1945, the judge after hearing vacated the decree. The respondent executor appealed.

The judge made a report of the following material facts found by him. G. L. (Ter. Ed.) c. 215, § 11. The list of heirs and next of kin in the petition for probate was incomplete because three children of a deceased nephew were omitted. One of them was Francis McEndy, a member of the armed forces stationed in Italy. The affidavit as to military service stated that no person interested was in such service. The proponent's error in the petition and affidavit was not found to have been intentional. The foregoing was "the principal basis of the decree vacating the decree for probate." The heirs named in the petition for probate did nothing to learn the contents of the will before

the decree of allowance, but later, learning them, they desired to contest.

The decree allowing the will could not properly have been vacated on behalf of the petitioners upon the allegations of the petition and upon the facts found. *Bonnemort* v. *Gill,* 167 Mass. 338, 340. *Donnell* v. *Goss,* 269 Mass. 214, 217. *McLaughlin* v. *Feerick,* 276 Mass. 180, 183. See *Waitt* v. *Harvey,* 312 Mass. 384, 396; *New England Trust Co.* v. *Paine,* 317 Mass. 542, 547. The one absent in the military service being unrepresented by counsel and, so far as appears, having no attorney appointed to act for him, the question is whether the court of its own motion could vacate the decree. The soldiers' and sailors' civil relief act of 1940, Act of October 17, 1940, c. 888, § 201 (54 U. S. Sts. at Large, 1181), reads: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." This is not to be given narrow interpretation, but should be construed liberally so as to achieve the broad purposes of Congress. *Blazejowski* v. *Stadnicki,* 317 Mass. 352, 354, 355. All doubt should be resolved in favor of the soldier. *Semler* v. *Oertwig,* 234 Iowa, 233, 243. *Stockton* v. *Ford Motor Co.* 61 Fed. Sup. 261, 264. See *Reynolds* v. *Haulcroft,* 205 Ark. 760, 763; *Bowsman* v. *Peterson,* 45 Fed. Sup. 741, 743. Nevertheless the judge could not exceed the authority conferred by the act. He was merely empowered to grant a stay. He was not thereby clothed with the right to vacate judgment, or, with respect to the case at bar, to set aside the decree allowing the will.

*Decree of April 10, 1945, reversed.*