ELEANOR TEED RYAN *vs.* WILLIAM J. CASHMAN, executor, & another
(and a companion case[1]).

Suffolk. March 5, 1951. — September 12, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Devise and Legacy,* Omitted child. *Probate Court,* Notice, Proof of will, Jurisdiction. *Guardian,* Guardian ad litem. *Minor. Will,* Allowance.

A decree dismissing a petition in a Probate Court to establish the right of the petitioner under G. L. (Ter. Ed.) c. 191, § 20, to a share of a testator's estate as issue of a deceased child of his omitted from his will was affirmed on appeal where the trial judge made no specific findings and there was reported evidence on which he would not have been plainly wrong in finding that the omission was intentional and not occasioned by accident or mistake.

A decree of a Probate Court allowing a will and appointing an executor without surety on his bond after publication of a citation and mailing of a copy to and receipt thereof by a minor granddaughter and heir of the testator was within the jurisdiction of the court and need not be revoked on petition of the granddaughter although a copy of the citation was not mailed to her guardian and a guardian ad litem was not appointed for her.

[1] The companion case is that of Eleanor Teed Ryan *vs.* William J. Cashman, executor.

. PETITIONS, filed in the Probate Court for the county of Suffolk on June 9, 1949, and November 3, 1949, respectively.

The cases were heard by *Wilson*, J., who dismissed both petitions. The petitioner appealed. The judge made no specific findings. The evidence was reported.

*M. Caro*, (*A. E. Finger* with him,) for the petitioner.

*W. R. Morris*, for the respondents.

QUA, C.J. The first of these two cases is a petition by Eleanor Teed Ryan, granddaughter and sole surviving heir and next of kin of William M. Teed, late of Boston, filed June 9, 1949, seeking revocation of a decree entered September 22, 1948, allowing the will of said Teed and appointing the respondent Cashman executor thereof without sureties on his bond, the will having requested exemption from sureties. See G. L. (Ter. Ed.) c. 205, § 4, as amended by St. 1941, c. 45, § 1. The purported ground for revocation appears to be that the testator in his will made no provision for the petitioner, and that the omission was not intentional and was occasioned by accident or mistake. G. L. (Ter. Ed.) c. 191, § 20. There is also a prayer that the petitioner be awarded the same share of the testator's estate which she would have taken if the testator had died intestate.

The second case is a petition by Eleanor Teed Ryan, filed November 3, 1949, for revocation of the decree allowing the will of Teed on the ground that no copy of the citation on the petition for allowance of the will was mailed postpaid to her as a known heir of the deceased or to her guardian, and that no guardian ad litem was appointed for her.

At the time of the filing of both petitions and thereafter Eleanor Teed Ryan was a minor under the guardianship of one Caramanica. The trial judge dismissed both petitions, and the petitioner appeals. The evidence is reported.

1. In the first case it has not been argued that the omission of the petitioner from the will is a ground for revocation of the decree admitting the will to probate. We treat this case as the parties have treated it — as a petition to establish the right of the petitioner as the issue of a deceased child of the testator to take the same share of his . estate

which she would have taken, if he had died intestate, "unless it appears that the omission was intentional and not occasioned by accident or mistake." G. L. (Ter. Ed.) c. 191, § 20. But the difficulty with the petitioner's case in this aspect is that there was ample evidence which the judge may have believed and which tended to show that the omission of the petitioner from the will was intentional and was not occasioned by accident or mistake. We cannot say that the judge was plainly wrong if he so found. See *Hurley* v. *O'Sullivan*, 137 Mass. 86; *Draper* v. *Draper*, 267 Mass. 528; *Jones* v. *Jones*, 297 Mass. 198, 208–211; *White* v. *White*, 322 Mass. 30.

2. In the second case, it appears that a citation issued upon the petition for allowance of the will and was duly published. There was evidence which the judge might well have believed that a copy was duly mailed to and received by the petitioner at her correct address. It seems to be conceded that no copy was mailed to her permanent guardian, Mrs. Caramanica, and that no guardian ad litem was appointed, but there is nothing to show fraud in connection with these matters. We are of opinion that neither of these omissions deprived the court of jurisdiction to allow the will in reliance upon the publication as notice to all the world, or compelled it to revoke the decree. The proof of a will is a proceeding in rem. The law does not require personal notice. Under the rules a general notice is given which is sufficient to justify final proceedings, even if it fails to reach some of the persons interested. *Bonnemort* v. *Gill*, 167 Mass. 338, 340. *Fuller* v. *Sylvia*, 243 Mass. 156, 159. *Donnell* v. *Goss*, 269 Mass. 214, 217. *McEndy* v. *McEndy*, 318 Mass. 775, 777. This case is to be distinguished from *Sullivan* v. *Sullivan*, 266 Mass. 228, where it was held that a decree allowing a will entered on default through negligence or mistake of counsel could be revoked. See *Donnell* v. *Goss*, 269 Mass. 214, 217.

The failure to appoint a guardian ad litem, even when taken in connection with failure to mail a notice to the permanent guardian, did not vitiate the proceeding. *Parker*

v. *Parker*, 11 Cush. 519, 524. *Wells* v. *Child*, 12 Allen, 330. *Bonnemort* v. *Gill*, 167 Mass. 338, 340. The statutes do not, in general, require the appointment of a guardian ad litem upon a petition for allowance of a will, although by G. L. (Ter. Ed.) c. 192, § 1B, inserted by St. 1945, c. 338, § 1, there is an exception in the case of an incompetent surviving husband or widow. The general provision of G. L. (Ter. Ed.) c. 201, § 34, is not mandatory. *Chase* v. *Chase*, 216 Mass. 394, 397. And it has been held in a number of cases involving proceedings in rem that the Probate Court is not of necessity bound to appoint a guardian ad litem in the absence of an express statutory requirement. *Warren* v. *Pazolt*, 203 Mass. 328, 346. *Hibbard* v. *Aetna Casualty & Surety Co.* 301 Mass. 442, 446, and cases cited. See Restatement: Judgments, § 78, comment a.

What has been said is equally applicable although the executor has been exempted from giving a surety on his bond. *Wells* v. *Child*, 12 Allen, 330.

This case is to be distinguished from certain recent cases such as *Young* v. *Tudor*, 323 Mass. 508, 516, *Burnett* v. *Williams*, 323 Mass. 517, and *Reynolds* v. *Remick*, *ante*, 465, where the issues related to the allowance of accounts, were not proceedings in rem, and were subject to special statutory provisions.

In each case the entry will be

*Decree affirmed.*