ORIENT REALTY INC. *vs.* ANTHONY DE MAURO. December 1, 1964. Decree affirmed with costs to the defendant. A master was justified by his subsidiary findings in concluding in effect that De Mauro, with the plaintiff's consent, reasonably improved a way without excess excavation, damage to the plaintiff, or material interference with the road level near the plaintiff's buildings. Upon the basis of the confirmed master's report a final decree dismissing the bill (seeking principally restoration of removed soil) was properly entered.

*Edward A. Brodeur* for the plaintiff.
*Robert V. Mulkern* for the defendant.

SALLY A. TAYLOR *vs.* HENRY C. ASCHENBACH & others, executors. December 1, 1964. Decree affirmed. This is an appeal from a decree dismissing a petition to revoke the decree of the Probate Court, Hampden County, entered on November 16, 1962, allowing the will of Robert F. Ashbrook, late of West Springfield, who died on October 16, 1962. The petitioner, a daughter of the testator living in California, alleges in her petition filed on November 18, 1963, that she first learned of the allowance of the will on April 8, 1963. Substantial provision for her was made in the will, and she was listed as an heir at law in the petition for probate, citation upon which issued in the prescribed form (including advertising in the West Springfield Record). There was due compliance with the citation. The petitioner was bound by the decree. *Bonnemort* v. *Gill*, 167 Mass. 338, 340. *Fuller* v. *Sylvia*, 243 Mass. 156, 159. *Donnell* v. *Goss*, 269 Mass. 214, 217. *Ryan* v. *Cashman*, 327 Mass. 677, 679. At the hearing of the petition to revoke, the petitioner's counsel requested a continuance so that he could summon witnesses or take depositions in support of that petition. He stated that he could give no ground for disallowance of the will. The motion was denied. There was no error in any respect. The appeal borders on the frivolous.

*Samuel A. Marsella* for the petitioner.
*J. Bushnell Richardson, Jr.,* for the respondents.