DAVID ALDEN BRANSCOMBE *vs.* GLADYS V. JENKS. April 4, 1979. The plaintiff, a minor, through his friend, claimed that he was unintentionally omitted from his grandfather's will, and brought a petition in the Probate Court to establish his intestate share of the estate under the provisions of G. L. c. 191, § 20. That statute, as amended by St. 1969, c. 479, § 2, provides in pertinent part that "[i]f a testator omits to provide in his will for any of his children, whether born before or after the testator's death, or for the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate ... unless it appears that the omission was intentional and not occasioned by accident or mistake." The grandfather's will, executed when the grandson was almost one year old, left "the sum of one (1.00) dollar" to the child's mother, who later predeceased the testator, and bequeathed the rest and residue of the estate to the testator's second wife (not the child's grandmother). The will also provided for the alternative disposition of the residue to the testator's nephew and sister in the event that his second wife should predecease him.

The plaintiff's claim rests almost exclusively on the contention that the testator was unaware of the existence of his grandson when he executed his will. As a result the plaintiff asserts that, though the will plainly indicates that the testator intended to disinherit his daughter by the bequest to her of a nominal sum, the testator would have made provision for the grandson if he had been aware of his existence.

The question whether the omission was intentional was one of fact. *Woodvine* v. *Dean*, 194 Mass. 40, 41 (1907). "All that is necessary to avoid the statute is that it appear, either from the wording of the will or from evidence outside of the will, such as the situation in the testator's family, or the testator's own statements, that the omission was not accidental." 2 Newhall, Settlement of Estates § 352 (4th ed. 1958). There was testimony from the testator's first wife, the child's grandmother, that the testator knew about his grandson; there was testimony that the testator and his daughter had been hostile to each other and had spoken only twice in ten years; and there was also evidence that the testator had arranged to meet his grandson when the child was approximately eighteen months old. Moreover, after the meeting with his grandchild, approximately fourteen years passed before the testator's death with the provisions of the will remaining unchanged despite the fact that the testator made periodic gifts to his grandchild.

"[T]here was ample evidence which the judge may have believed and which tended to show that the omission of the petitioner from the will was intentional and was not occasioned by accident or mistake. We

cannot say that the judge was plainly wrong if he so found." *Ryan* v. *Cashman,* 327 Mass. 677, 679 (1951), and cases cited therein. *Sanguinetti* v. *Nantucket Constr. Co.,* 5 Mass. App. Ct. 227, 228 (1977). Nor did the judge err in his ruling that it was unnecessary to appoint a guardian ad litem under G. L. c. 192, § 1C, for the plaintiff. This statute requires such an appointment "unless it appears from the will that such omission was intentional and not occasioned by accident or mistake." Overall, the testimony found to be credible by the judge, and the provisions of the will itself, make it "clear that the intention of the testator was to make no other provisions for the branch of his descendants to which this grandchild belongs," *Wilder* v. *Thayer,* 97 Mass. 439, 440 (1867), other than the nominal bequest provided for the child's mother.

*Judgment affirmed.*

*Warren F. Baker (Leslie Marcus* with him) for the plaintiff.
*Patricia J. Garrity* for the defendant.